MORGENROTH, Plaintiff in error, vs. CITY OF MILWAUKEE, Defendant in error.

JONES, Plaintiff in error, vs. SAME, Defendant in error.

*October 3—October 24, 1905.*

*Municipal corporations: Ordinances: Validity: Statutes, mandatory or directory? "May:" Ordinance: Violation: Complaint.*

1. A common council of a city cannot in the exercise of its legislative grant enact ordinances which are in conflict with the laws of the state.

2. Ch. 35, Laws of 1853, providing a code of procedure for actions brought by the city of Milwaukee in its corporate name in the police court of the city for the recovery of fines and penalties under its charter and ordinances, until its final repeal in 1895, was made applicable to the municipal court of the county of Milwaukee. Sec. 2051, R. S. 1878, as to the powers and jurisdiction of said municipal court, provided: "The judge of said court . . . shall have jurisdiction of all prosecutions for breaches of any ordinance, law, rule, regulation and resolution of the city of Milwaukee, . . . and hear and dispose of, in a summary way, all cases for such breaches which shall be brought before him by the police officers of said city or otherwise, either with or without process." Such jurisdiction remained in the municipal court until sec. 2051 was repealed by ch. 7, Laws of 1895, and was, by ch. 6, Laws of 1895, then vested in a police court of Milwaukee county, which latter court was given exclusive jurisdiction of all prosecutions for the breach of any ordinance, etc., of the city of Milwaukee. It was further provided that complaints and other papers should, in form and substance, conform to those theretofore used in the municipal court, and that in city prosecutions its clerks should enter upon the records of the court a statement of the offense charged, which should stand as the complaint, unless the court should

direct a formal complaint to be made. This police court was abolished and the district court of Milwaukee county established by ch. 218, Laws of 1899, with exclusive jurisdiction to try and sentence all offenders against the ordinances, etc., of the city of Milwaukee; the complaints and other papers to conform to those theretofore used in the police and municipal courts, and the clerk to enter on the court records a statement of the offense charged, which should stand as the complaint, unless the court ordered a formal complaint to be made. *Held,* that a complaint under a city ordinance denouncing a penalty for gambling was properly made by a police officer, although the ordinance provided that "such complaints may be made by the city attorney."

3. In such case the word "may," as used in the ordinance, cannot be construed as "must," since the common council could not modify or abrogate the statutory provisions cited.

4. In such case, the prosecution having been instituted in pursuance of the requirements of the statutes governing the jurisdiction of the district court, the proceedings in that respect are *held* valid.

[5. Whether the common council had the power to prescribe that, in addition to the method prescribed by the statutes, the city attorney might make complaint without verification, not determined.]

ERROR to review judgments of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

Plaintiffs in error were convicted in the district court of Milwaukee county of keeping gambling houses in violation of the ordinances of the city of *Milwaukee.* They appealed to the municipal court of Milwaukee county, where they were again convicted, and judgment was entered against each of them for $200 and costs. The gambling paraphernalia found in their possession was ordered destroyed. Secs. 44, 45, and 46, ch. 20, of the ordinances of the city of *Milwaukee* provide for searches of gambling houses and for the prosecution and punishment of offenders. Sec. 46 provides:

"When any person [found playing in a gambling house] or keeper [of such gambling house] be brought or appear before said municipal court . . . a complaint shall be made against the persons so arrested. . . . The said complaints herein mentioned shall be made in the action or proceeding in which

the warrant hereinbefore mentioned was issued and shall be considered a part of such action or proceeding. Such complaints may be made by the city attorney or his assistant, in the manner provided by and in accordance with the provisions of the charter of said city of *Milwaukee* and the rules and practice of said municipal court, and it need not be verified; and thereupon the trial shall be had upon said complaint and the same proceedings shall be had upon such complaint as are ordinarily had in other cases, actions and proceedings brought to punish for violations of the ordinances of said city of *Milwaukee* under the charter thereof."

The complaints in these actions were made by police officers who participated in the search and in the arrest of plaintiffs in error. Sec. 2501, R. S. 1878, relating to the municipal court of the county of Milwaukee, provided:

"The judge of said court has all the powers and jurisdiction of a justice of the peace in criminal cases, and shall have jurisdiction of all prosecutions for breach of any ordinance, law, rule, regulation and resolution of the city of *Milwaukee;* for the latter purpose, he shall open court each morning (Sundays and legal holidays excepted), and hear and dispose of in a summary way all cases for such breaches, which shall be brought before him by the police officers of said city or otherwise, either with or without process, and impose the fines and penalties provided by such ordinance, law, rule, regulation or resolution."

By the enactment of chs. 6, 7, Laws of 1895, jurisdiction to try offenses for violations of the ordinances of the city of *Milwaukee* was taken from the municipal court, and the jurisdiction in such cases was vested in the police court established by that legislation. Sec. 7, ch. 6, Laws of 1895, provides:

"The complaints, warrants, recognizances, commitments, attachments, venires, subpœnas, and other writs and papers in said court shall be in substance in the form hitherto used in the municipal court of the city and county of Milwaukee. In city prosecutions, said clerk, or one of his deputies, shall enter upon the records of the court a statement of the offense

charged, which shall stand as the complaint, unless the court shall direct a formal complaint to be made; and the defendant's plea shall be guilty or not guilty, and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue."

Sec. 2501, R. S. 1878, was repealed by the Statutes of 1898. By ch. 218, Laws of 1899, the police court was discontinued and a district court was established in the county of Milwaukee. By this act the district court was given exclusive jurisdiction to try and sentence all offenders against the ordinances of the city of *Milwaukee.* Sec. 9 of this act provides:

"The complaints, warrants, recognizances, commitments, attachments, venires, subpœnas, and other writs and papers in said court shall be in substance in the form hitherto used in the police court of the city of *Milwaukee,* or the municipal court of the city and county of Milwaukee. In city prosecutions, said clerk, or one of his deputies, shall enter upon the records of the court a statement of the offense charged, which shall stand as the complaint, unless the court shall direct formal complaint to be made; then the defendant's plea shall be guilty or not guilty, and shall be entered as not guilty on failure to plead, which plea of not guilty shall put all matters in such case at issue."

These acts prescribe the procedure in prosecutions for violations of the ordinances of the city at the time the complaints were made against plaintiffs in error and when they were put upon their trials in the district court.

For the plaintiffs in error there was a brief by *Fiebing & Killilea,* and oral argument by *H. J. Killilea.*

For the defendant in error there was a brief by *Carl Runge,* city attorney, and *W. J. Zimmers,* assistant city attorney, and oral argument by *Mr. Zimmers*

SIEBECKER, J.   The ordinance in question provides that, when a person is brought before the court for the violation of the ordinance, a complaint shall be made against him charging the offense, which shall be considered as made in the ac-

tion or proceeding in which the original warrant on which he was arrested was issued, and that "such complaints may be made by the city attorney or his assistant, in the manner provided by and in accordance with the provisions of the charter of said city of *Milwaukee* and the rules and practice of said municipal court, and it need not be verified." It is claimed that under these provisions all complaints for violations of such ordinance must be made by the city attorney or his assistant, and, if made by others, they have no validity for any purpose. The arguments of counsel for both plaintiffs and defendant in error assume that the only question for consideration is whether, under the rules applied in the construction of statutes prescribing rules of procedure, the word "may" as used in the ordinance is employed in a permissive or a mandatory sense. We find, however, upon investigation, that the legislature has spoken on the subject in no uncertain terms. Ch. 35, Laws of 1853, provided a code of procedure for actions brought by the city of *Milwaukee,* in its corporate name, in the police court of the city, for the recovery of fines and penalties under its charter and ordinances. This code, until its final repeal in 1895, was made applicable to the municipal court of the county of Milwaukee. As to the powers and jurisdiction of the municipal court, it was provided by sec. 2501, R. S. 1878, that:

"The judge of said court . . . shall have jurisdiction of all prosecutions for breach of any ordinance, law, rule, regulation and resolution of the city of *Milwaukee;* for the latter purpose, he shall open court each morning (Sundays and legal holidays excepted), and hear and dispose of in a summary way all cases for such breaches, which shall be brought before him by the police officers of said city or otherwise, either with or without process, and impose the fines and penalties provided by such ordinance, law, rule, regulation or resolution."

This jurisdiction remained in the municipal court until the repeal of this section by ch. 7, Laws of 1895, and was vested in a police court of Milwaukee county by ch. 6, Laws

·of 1895, giving exclusive jurisdiction to the police court of all prosecutions for the breach of any ordinance, law, rule, or resolution of the city of *Milwaukee,* and providing that complaints and other papers in actions in this court should in form and substance conform to those theretofore used in the municipal court, and that:

"In city prosecutions . . . [its] clerk, or one of his deputies, shall enter upon the records of the court a statement of ·the offense charged, which shall stand as the complaint, unless the court shall direct a formal complaint to be made."

To this complaint the defendant was required to plead, and, in case the plea was not guilty, he was required to go to trial upon the issues thus raised. This police court was abolished by ch. 218, Laws of 1899, and by this act the legislature established the district court of the county of Milwaukee, and granted it "exclusive jurisdiction to try and sentence all offenders against the ordinances of . . . [the] city of *Milwaukee,*" and provided that the complaints and other papers used ·should in form and substance conform to those hitherto used in the police court and in the municipal court, and in prosecutions for violations of ordinances the clerk should enter upon the court records a statement of the offense charged, "which . . . [should] stand as the complaint, unless the court . . . [should] direct formal complaint to be made."

These statutes, which prescribe a procedure for the making of complaints charging violations of the city ordinances, apply to the subject in hand. The procedure followed and the complaints made by the police officers in these actions are clearly in compliance with these provisions, providing for formal complaints under the direction of the court, and must be held sufficient and proper, unless they are rendered ineffectual by the provisions of the ordinance in question. These legislative provisions, covering the subject, provide how complaints shall be made and the procedure to be followed in prosecutions for violations of the ordinances of the city. It is well estab-

lished that a common council of a city cannot in the exercise·
of its legislative grant enact ordinances which are in conflict
with the laws of the state.   These provisions, therefore, can-
not be modified or abrogated by the common council, and, if
actions are instituted in pursuance to their requirements, the
proceeding is valid.   Upon these grounds it must be held that
the complaints upon which plaintiffs in error were put upon
their trials in these actions are good, and the conviction and
judgments must be sustained.·  *Hayes v. Appleton,* 24 Wis.
542 ; *Barling v. West,* 29 Wis. 307, and cases cited.   Whether·
the common council of the city has the power to prescribe that,
in addition to the method provided in the statutes, the city
attorney or his assistant may make complaint as prescribed
in this ordinance without verification may involve questions
not free from difficulty.   It is not necessary to decide this
question in determining the question presented on this appeal,.
and we therefore express no opinion on the subject.

   *By the Court.*—The judgments are affirmed.