SCHOOL DISTRICT No. 11 OF THE TOWN OF MADISON, Appellant, vs. CLIFCORN and another, Respondents.

*September 3—November 26, 1907.*

*Schools and school districts: Director: Duties: School district meetings: Control of actions: Statutes: Construction: Dismissal and nonsuit: Voluntary dismissal: Discretion of court: Appeal and error: Dismissal of appeal.*

1. Under the provisions of sec. 442, Stats. (1898), making it the duty of the director of a school district "to cause an action to be prosecuted in the name of the district on the treasurer's bond in case of any breach of any condition thereof," the director has the power to commence and prosecute an action upon the treasurer's bond without waiting for a meeting of the school district, and the reservation of power to the district meeting given by subd. 17, sec. 430, Stats. (1898), "to give such direction and make such provision as may be necessary in relation to the prosecution or defense of any action or proceeding in which the district may be a party or may be interested," is not inconsistent with such power given the director.

2. In such case the school district meeting has power, subject to control of the court, to dismiss an action on its treasurer's bond commenced by the school district director.

3. A plaintiff has no such complete control over his action as entitles him to discontinue it at will without leave of the court.

4. Where a plaintiff attempts to discontinue his action the court may in its discretion deny the application, if the rights of the defendant or third parties or the public will be substantially prejudiced by such discontinuance.

5. In an action by a school district director, in the name of the district, against its treasurer for breach of his bond, it appeared, among other things, that at a special meeting of the district duly called the treasurer's accounts had been audited and resolutions adopted approving such accounts and directing that the action begun by the director be dismissed. No public reasons appeared why the action should proceed further against the wish of the electors. *Held,* that an appeal from a judgment dismissing the action should be dismissed.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Dismissed.*

*Geo. W. Bird* and *T. C. Richmond* in support of the motion to dismiss.

*F. M. Miner, contra.*

The following opinion was filed September 24, 1907:

WINSLOW, J.    A joint motion is made by the respondents and the district board of the appellant to dismiss the appeal herein.    It appeared on the hearing of the motion that the present action is an action at law against the district treasurer and his bondsman, claiming breach of the treasurer's bond, and that the action was commenced by the director of the district in July, 1906; that the breaches of the bond relied upon were that the treasurer had paid out moneys of the district upon orders not countersigned by the director, but which represented legitimate expenditures on behalf of the district; that at a special meeting of the district duly called in August, 1906, the treasurer's accounts were audited, and a resolution adopted approving the treasurer's accounts and directing that the action begun by the director be discontinued; that the director and his attorneys refused to discontinue the action, but brought it to trial in March, 1907, which trial resulted in a judgment dismissing the same; that an appeal was taken to this court in April following; and that at the annual meeting of the district held July 1, 1907, a new director was elected and resolutions were unanimously adopted declaring that the treasurer had misappropriated no moneys, but had fully accounted for all funds in his possession, and directing that the litigation against him be discontinued and that the new director and the district board co-operate in procuring the discontinuance.    The plaintiff's attorneys still refusing to dismiss the appeal, this joint motion was made.

It is contended, in opposition to the motion, that under the statutes the district director has entire control over an action upon the treasurer's bond, and that, even if this be not so, still there are public reasons which should impel the court

to refuse to allow the appeal to be dismissed.  The first contention is based upon the third clause of sec. 442, Stats. (1898), which makes it the duty of the district director "to cause an action to be prosecuted in the name of the district on the treasurer's bond in case of any breach of any condition thereof."  This clause, however, must be read in connection with subd. 17, sec. 430, Stats. (1898), which gives the school district meeting power "to give such direction and make such provision as may be necessary in relation to the prosecution or defense of any action or proceeding in which the district may be a party or may be interested."  The two sections should be harmonized if possible, and it does not seem difficult to harmonize them on an entirely reasonable basis.  It was doubtless thought advisable that the director should have power to commence and prosecute an action upon the treasurer's bond without waiting for a meeting of the school district, for the very obvious reason that otherwise the remedy might be either wholly lost or greatly endangered by delay. The reservation of power to the district meeting to give directions and make provisions in relation to the prosecution or defense of any action is not inconsistent with the power given to the director.  Both may well stand together; the director's power to commence an action and prosecute it until the electors of the district give other directions being fully recognized.  Indeed, any other construction would seem to be out of harmony with our form of school district government, which closely approaches a pure democracy.

We discover no public reasons why the action should proceed further against the unanimous wishes of the electors.

It is well settled that a plaintiff has no such complete control over his action as will entitle him to discontinue it at will without action by the court, and that the court may in its discretion deny the application for leave to discontinue, if the rights of the defendant or of third parties or the public will be substantially prejudiced thereby (*State ex rel. Milwaukee*

*v. Ludwig,* 106 Wis. 226, 82 N. W. 158), but we have discovered no such considerations here. See, in this connection, *Stale ex rel. Mitchell v. Decatur,* 58 Wis. 291, 17 N. W. 20.

*By the Court.*—Appeal dismissed.

A motion by the appellant for a rehearing was submitted on a brief by *Miner & Elver* for the appellant, a brief by *Richmond, Jackman & Swansen* for the respondents, and a brief by *Bird & Gilman* for the district board.

The motion was denied November 26, 1907.