GUINTHER and others, Plaintiffs in error, vs. CITY OF MILWAUKEE, Defendant in error.

*January 11—February 5, 1935.*

*Samuel D. Berg,* attorney, and *George J. Laikin* of counsel, both of Milwaukee, for the plaintiffs in error.

For the defendant in error there was a brief by *Max Raskin,* city attorney, and *William F. Quick,* first assistant city attorney, and oral argument by *Mr. Quick.*

*George A. Affeldt* of Milwaukee, as *amicus curiæ.*

FAIRCHILD, J. When a certain act may be lawfully prosecuted under a state statute and under an ordinance, a conviction under either does not bar prosecution under the other. *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568. Municipal ordinances aimed at the suppression of disorder and crime as well as those which are regulatory and directed against acts not offenses against the state may be valid enactments. As a matter of fact, these defendants have not been charged with any offense under the state law because of the acts here involved. There is no challenge to the validity of the ordinance under which these proceedings occurred. The proposition advanced by the city attorney that "no one would insist that the city of Milwaukee must sue to recover the penalty for disorderly conduct from a murderer or a burglar" and his deduction therefrom that the city should not be compelled, in this case, to sue for the penalty for disorderly conduct because of the unlawful assemblage, is not controlling so far as a decision here is concerned. Punishment for the violation of a municipal ordinance is provided for with the purpose in mind of preventing conduct which is prejudicial to the public welfare. We need spend no time upon the classification of this action as between civil and criminal. It is treated as a civil action, although early in the history of the development of the district court of the city of Milwaukee, there was written into the statute the following: "City prosecutions shall be construed to be *quasi*-criminal, . . ." and prosecution for violation of a municipal ordinance is referred to as *quasi*-criminal in the cases. *State v. Hamley,* 137 Wis. 458, 119 N. W. 114. The statutory history may be found in ch. 199, P. & L. Laws of 1859; secs. 2499 to 2593, Stats. 1878; ch. 6, Laws of 1895; and ch. 218, Laws of 1899.

The statutes creating the court provide that in a city prosecution there shall be an entry upon the record of the court of the offense charged. This entry stands as the complaint

unless the court directs that a more formal complaint be made, and there is provision that the city attorney shall be the prosecuting officer in such prosecutions. Ch. 218, Laws of 1899, as amended by sec. 2, ch. 70, Laws of 1901. But the statutes seem to put a corresponding responsibility for the protection of the interests of the people of the city, including, of course, those who may chance to be defendants, upon the courts and the police department.

The city attorney, upon refusal of the district court to dismiss the action, declined to participate in the trial. The defendants had behaved in such a manner as to be guilty of disorderly conduct. There can be no doubt but that the evidence sustains the judgment that they were guilty of conduct amounting to a violation of sec. 1062, Ordinances of Milwaukee. They participated in the disturbance reviewed in the case of *Koss v. State, ante*, p. 325, 258 N. W. 860. The city attorney has filed a brief in which he seeks to justify his withdrawal from the case when it was before the district court and again when it was before the municipal court. In both his brief and on oral argument he insists that his motion to dismiss the complaint should have been granted. He does concede that dismissal of the case could not have been effected without the order of the court, but argues that his determination that the case be dismissed was controlling, and that the district court of Milwaukee county had no power, after his motion to dismiss and withdrawal, to proceed with the trial. The substance of his contention is that refusal to dismiss was error; that therefore the court proceeded without jurisdiction because the common council of the city of Milwaukee is the only authority having the power to appoint an attorney; that in the absence of such an appointment, resort to *mandamus* was the only remedy; and that no authority existed for the procedure adopted by the court in asking one of its officers to conduct the trial. The city attorney has placed a great deal of stress on the fact that this is a civil

action for the collection of a penalty, and his argument followed to conclusion would mean that the sole purpose of city ordinances is to furnish the city with a means of income. His argument fails to take into consideration that the gist of the action is, not to collect $10, but to maintain law and order in the city. In the practical administration of the affairs of a large city, it will happen that violations of ordinances are not prosecuted, especially where the act constitutes a crime and the offender is prosecuted under the state law. The authorities of the city may be justified, as a practical matter, in the enforcement of ordinances by admonition and suggestion. One violating an ordinance by placing an exhibit of his wares upon the sidewalk in front of his store may be subject to arrest, but, upon removing the obstruction when the matter is called to his attention by a police officer, the public certainly is not outraged and the well-being of the community so seriously affected as to warrant the expense incident to an arrest and prosecution. But, if the same individual stubbornly refuses to accede to the plain requirements of the ordinance, and in a defiant and tumultuous manner proceeds to interfere with a proper use of the highway, the only recourse remaining to the officials would be a prosecution of the offender. A good citizen endeavoring to do his duty differs decidedly from one who, regardless of his ideals, is persistently endeavoring to create a disturbance. And the difference between the two, it is hoped, will be recognized by the officials whose duty it is to maintain good order and protect the interest of the public at large as well as the individuals particularly concerned. As said by Mr. Justice HOLMES in connection with a case arising out of the interpretation of constitutional principles: "We must remember that the machinery of government would not work if it were not allowed a little play in its joints." *Bain Peanut Co. of Texas v. Pinson,* 282 U. S. 499, 501, 51 Sup. Ct. 228.

The city attorney is an important official, but the people, through their representatives in the legislature and the common council, have not placed the fate of efforts to maintain law and order entirely in his hands. Where a public interest is involved, or the interest of a third party, it is the duty of the court to consider those interests in determining whether or not to dismiss an action. *State ex rel. City of Milwaukee v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *Boutin v. Andreas,* 161 Wis. 152, 152 N. W. 822; *School District v. Clifcorn,* 133 Wis. 465, 112 N. W. 1099; *Obermeier v. Milwaukee E. R. & L. Co.* 177 Wis. 490, 188 N. W. 603. In this particular, and for the purpose of the accomplishment of peace and safety, the people have placed upon the police department a considerable responsibility as well as upon the city attorney. *Morgenroth v. Milwaukee,* 125 Wis. 663, 105 N. W. 47. Each have a duty. The history of the affairs of the city, as disclosed by the record in the court, shows that ordinarily the different departments coincide in their views, have a common purpose, and that each has a due appreciation of its responsibilities. When it does happen that a prosecution begun by the police department is sought to be terminated by the city attorney, the law places upon the court the duty of deciding whether or not the welfare of the people, the public interest, will be served by sustaining a motion on the part of the city attorney to dismiss, or whether the court should retain jurisdiction and proceed with the trial.

The district court is a court of record. It is vested with exclusive jurisdiction to examine, try, and sentence all offenders against the ordinances of the city. Ch. 586, Laws of 1921. When the people placed this exclusive jurisdiction in the court for the purposes referred to, they necessarily and certainly included with the responsibility, the full and complete power to take all steps necessary to make their requirement effective. This would seem to answer the contentions

of the city attorney and the attorney for the plaintiffs in error. But in this connection it may be well to point out a little more specifically that in the enforcement of the city ordinances the police official is required by the people "to cause the public peace to be preserved, and to see that all the laws and ordinances of the city are enforced, and whenever any violation thereof shall come to his knowledge, he shall cause the requisite complaint to be made, and see that the evidence is procured for the successful prosecution of the offender or offenders." Sec. 977, Milwaukee Code, 1914.

The district court as well as the municipal court complied with the requirements exacted of them by the people as expressed in their legislation. The denial of the motion to dismiss is sustained. The court properly called to its aid one of its officers. There was no occasion for placing upon the court or on the police force or any citizen the burden of a resort to a collateral action to compel a prosecution when a more expeditious form of procedure was afforded in the very action then before the court. No prejudicial error was committed. There is in this case no question concerning expense arising from the services of the friend of the court.

*By the Court.*—Judgment affirmed.