91 So.2d 857 (1956)
W.H. WILSON, Appellant,
v.
Lawrence W. RENFROE, as County Judge, County Judge's Court, Leon County, Florida, Appellee.
Supreme Court of Florida, Division A.
December 7, 1956.
Rehearing Denied February 1, 1957.
*858 Ausley & Ausley, D. Fred McMullen, Atkinson & Williams and George W. Atkinson, Tallahassee, for appellant.
Richard W. Ervin, Atty. Gen., Jos. P. Manners, Asst. Atty. Gen., and W.J. Oven, Jr., Tallahassee, for appellee.
THORNAL, Justice.
Appellant Wilson, the petitioner below, sought a writ of prohibition against the respondent Renfroe and now requests reversal of the final judgment of the Circuit Judge denying a rule absolute and dismissing the proceeding.
We are called upon to decide whether a "motion to dismiss" a criminal proceeding filed by a Prosecuting Attorney is in this instance tantamount to a nolle prosequi of the case. We must also decide whether the record in this case justifies the issuance of a rule absolute because of the alleged bias and prejudice of the trial judge in the criminal proceeding.
The Prosecuting Attorney of Leon County filed in the County Judge's Court of said county an information in two counts charging appellant Wilson with (1) driving while intoxicated, and (2) reckless driving. Subsequently the Prosecuting Attorney filed in the case a document entitled "motion to dismiss". This document read as follows:
"The undersigned represents that the above cause was transferred to the County Court for a jury trial, and that the investigating officer for the Police Department, Captain Bob Maige, has advised that the evidence is insufficient to sustain the charges and has requested that the case be dismissed.
"The undersigned, having investigated this cause on behalf of the State finds that there is insufficient evidence to carry the burden of proof.
"Wherefore, the undersigned moves that said cause be dismissed at the cost of the defendant in view of the fact that the case was transferred from the City Court for a jury trial."
The County Judge thereupon on his own motion set the matter for a hearing to take *859 testimony of various witnesses to satisfy himself as to whether the motion of the Prosecuting Attorney should be granted or denied. At an extensive hearing witnesses were heard. The accused was not present either in person or by counsel. At the conclusion of the hearing the Judge denied the motion to dismiss the charge of driving while intoxicated, but granted the motion to dismiss the reckless driving charge. He also directed that two additional charges be filed: one, for following a motor vehicle too closely, and another, for engaging in the use of indecent and vulgar language in a public place.
Shortly after this hearing the appellant filed his motion, supported by two affidavits, asking the County Judge to disqualify himself because of his alleged bias and prejudice as reflected by the denial of the motion to dismiss, the holding of a hearing thereon and his conclusion that additional charges should be filed. The Judge found the motion and accompanying affidavits to be legally insufficient. Thereupon appellant filed his suggestion for a writ of prohibition in the Circuit Court. After hearing the matter on the record, the Circuit Judge denied the rule absolute and dismissed the rule nisi. Reversal of the order of the Circuit Judge is now sought.
The appellant contends that the motion to dismiss filed by the Prosecuting Attorney was tantamount to a nolle prosequi and that the County Judge had no authority to deny the motion. He also contends that his proceeding to disqualify the County Judge was legally sufficient and that his motion for disqualification should have been granted.
Appellee contends that the Prosecuting Attorney did not file a nolle prosequi. On the contrary, it is asserted that he merely filed a motion to dismiss addressed to the discretion of the trial judge and that the judge properly exercised his discretion. He further contends that the motion and supporting affidavits seeking his disqualification were legally insufficient.
There can be no doubt that under the common law the Presecuting Attorney controlled the entry of a nolle prosequi, up to the time that the jury is sworn to try the cause. The words "nolle prosequi" are a Latin expression which translated literally mean "to be unwilling to prosecute". Under the common law of England prosecution in criminal cases were controlled by the Attorney General and he alone had the exclusive discretion to decide whether prosecution should be discontinued prior to the inception of jeopardy. In the absence of statute, the common law continues to be in force in most of the states of this country. Florida has adopted no statute on the subject. 14 Am.Jur., Criminal Law, Sec. 296. et seq.; State v. Anderson, 119 Tex. 110, 26 S.W.2d 174, 69 A.L.R. 233; State ex rel. Butler v. Moise, 48 La. Ann. 109, 18 So. 943, 35 L.R.A. 701. The Circuit Judge recognized this general rule but was of the view that the motion filed in the instant case was not a nolle prosequi. We are compelled to agree with the Circuit Judge.
An examination of the quoted motion reveals that it was directed to the County Judge for his judicial consideration. A strange aspect which is thoroughly inconsistent with a nolle prosequi is that the motion was conditioned upon the payment of costs by the accused. Noticeably the accused did not join in the motion.
If a case is to be nolle prosequied for lack of evidence, the action of the Prosecutor should not be contingent on the imposition of a penalty against the accused. If there is no justification in the evidence to hold the accused for trial, there is equally a lack of justification to impose upon him the burden of paying the costs. If this "motion to dismiss" had been intended as a nolle prosequi it was totally unnecessary for the Prosecuting Attorney to invite the County Judge to share with him the responsibility of dismissing the cause. When the prosecuting official extended this invitation to the Judge, the latter functioned well within his discretion to inform himself adequately *860 on the subject before committing himself to the entry of an order of dismissal. Guinther v. City of Milwaukee, 217 Wis. 334, 258 N.W. 865, 103 A.L.R. 1249.
We refrain from commenting on the sufficiency of the testimony presented to the County Judge except to observe that we cannot find that he abused his discretion in exercising it as he did. The Circuit Judge therefore ruled correctly in holding the motion to dismiss was not a traditional nolle prosequi that mandatorily required the discharge of the accused. As observed by the Circuit Judge in his final order, the Prosecuting Attorney even now has the power to enter a nolle prosequi if he wishes to assume the responsibility and deems it appropriate to do so.
Because of the importance of our historical guarantee that all persons accused of crimes shall be assured a fair trial by an impartial judge, we have cautiously and thoroughly examined the record before us. The motion of the appellant and the supporting affidavits assert the fear that the appellant cannot obtain a fair trial to be conducted by the appellee because of the fact that he denied the motion to dismiss and proceeded to hear testimony ex parte. It is further asserted that by his conclusion that the testimony he heard was sufficient at least to justify denying the motion to dismiss, the County Judge thereby prejudged the guilt of the appellant.
We have examined the cases cited by appellant announcing the importance of an impartial and neutral mediator in the person of a fair and just judge. We are aware of the statutory requirement that the power of a judge in passing on a motion to disqualify himself is limited to a determination of the legal sufficiency of the motion and its supporting affidavits. Such a motion with its supporting affidavits, however, must be more than the mere proclamation of a fear that the judge is prejudiced. The affiants must tender some actual, factual foundation for the assertion of the fear. A contrary rule would lead to the conclusion that regardless of the impartiality of the judge, he could be disqualified merely because he had made some ruling in the cause adverse to the affiant despite the soundness of his ruling.
All of the decisions cited in the briefs of the parties have been examined. We find no controlling precedent in this jurisdiction. Our research, however, has led us to several cases from other jurisdictions holding to the effect that the mere fact that a trial judge presides at a preliminary examination and binds the accused to trial is not in and of itself sufficient to disqualify the judge from presiding at the subsequent trial. This appears to be the generally-followed rule in the absence of some direct factual showing of bias or prejudice on the part of the judge against the accused.
A case often cited is Cochran v. State, 113 Ga. 736, 39 S.E. 337. It was there held that a judge of a superior court was not disqualified from presiding at the trial of an indictment merely because he had previously held the court of inquiry that bound the accused over for trial. Similarly, in Ingles v. McMillan, 5 Okla. Cr. 130, 113 P. 998, 45 L.R.A.,N.S., 511, it was held that the fact that the trial judge had prior to trial, in a habeas corpus proceeding, examined all of the evidence taken at a preliminary hearing and had actually expressed an opinion as to the guilt of the accused was not in and of itself sufficient to disqualify him because of alleged prejudice. It was there pointed out that the prejudice of a judge which disqualifies him means bias or ill will and it must be personal on his part and against the defendant. These holdings are strongly analogous to our own holding in Suarez v. State, 95 Fla. 42, 115 So. 519. A disqualifying prejudice does not result ipso facto merely from the fact that the trial judge has ruled adversely to the party who seeks to disqualify him.
When measured by these standards, the record in the case before us falls far short of establishing the legal sufficiency of *861 the motion and supporting affidavits to justify the mandatory disqualification of the appellee. We find nothing in this record indicating any personal ill will, bias or prejudice on the part of the judge against the accused. True enough he ruled adversely to the appellant's position on the State's motion to dismiss. So far as the record reflects however he was merely doing his duty as a judicial officer and made his ruling on the basis of the showing presented to him by the record. A further fact is that on the trial of the case the facts will be determined by the jury and not by the judge. This record does not indicate that the appellee has prejudged the ultimate guilt or innocence of the appellant. He merely found that on the showing made by the witnesses there was a sufficient basis to exercise his judicial discretion to deny the motion to dismiss and set the case for a full and proper adversary trial. This does not constitute evidence of bias or prejudice. By the motion he was invited to exercise a judicial discretion and he proceeded to do so. See also, State ex rel. Nowakowski v. Lockridge, 6 Okla. Cr. 216, 118 P. 152, 45 L.R.A.,N.S., 525, Ann.Cas. 1913C, 251; State v. Hayes, 127 Conn. 543, 18 A.2d 895; Heflin v. State, 88 Ga. 151, 14 S.E. 112, 30 Am.St.Rep. 147; State v. Tanner, 224 La. 374, 69 So.2d 505; Slayton v. Commonwealth, 185 Va. 371, 38 S.E.2d 485; 30 Am.Jur., Judges, Sec. 82, p. 790; 48 C.J.S., Judges, § 83, p. 1070.
The judgment of the Circuit Court denying the rule absolute and dismissing the proceeding is 
Affirmed.
DREW, C.J., O'CONNELL and BUFORD, JJ., and LOPEZ, Associate Justice, concur.
TERRELL and HOBSON, JJ., dissent.
HOBSON, Justice (dissenting).
I am forced to dissent from the majority opinion in this case because it is my view that the prosecuting attorney is the one charged with the duty and responsibility of determining whether the evidence made available to him against the defendant is sufficient to justify the accused being placed on trial. In the motion to dismiss filed by the prosecuting attorney, he stated:
"The undersigned [the prosecuting attorney] having investigated this cause on behalf of the State finds that there is insufficient evidence to carry the burden of proof."
I feel that it was the prosecuting attorney's province, and not that of the trial judge, to make such determination, and since the prosecuting attorney did make that determination, the motion to dismiss should be classified as a nolle prosequi of the case.
The only difference between this motion to dismiss and a conventional nolle prosequi is the suggestion that costs be taxed against the defendant. Such suggestion should be treated as surplusage. It is not material because in a criminal case if the prosecuting attorney makes an investigation, determines that the evidence is insufficient "to carry the burden of proof" and so states to the court, the costs cannot be assessed against the defendant but must be borne by the County. See F.S. §§ 142.09 and 939.06, F.S.A.; and 14 Am.Jur., Costs, Sec. 110.
This motion was but an abortive attempt to have the judge share responsibility which by law is exclusively that of the prosecuting officer. It is my firm opinion that the judge should have treated the motion to dismiss as though it were a nolle prosequi of the case and the responsibility would have rested, as it should, upon the shoulders of the prosecuting attorney.
TERRELL, J., concurs.