STATE, Plaintiff in error, v. KENYON, Defendant in error.
[Case No. 77–483–CR.]
STATE, Plaintiff in error, v. KENYON, Defendant in error.
[Case No. 77–484–CR.]

Supreme Court

*Nos. 77–483–CR, 77–484–CR. Argued September 7, 1978.—*
*Decided October 3, 1978.*
(Also reported in 270 N.W.2d 160.)

For the plaintiff in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the defendant in error there was a brief and oral argument by *Dennis M. Scallon* of Mineral Point.

BEILFUSS, C. J. The defendant in error, Jack Kenyon (defendant), was charged with a violation of sec. 943.01 (3), Stats., which makes it a crime to intentionally cause damage to the property of another without his or her consent. If the damage is $1,000 or more, the offense is a felony; if the damage is less than $1,000, it is a misde-

meanor. The complaint here alleged that on August 8, 1977, the defendant feloniously, intentionally and without consent of the owners caused damage to four motorcycles by driving his car into them while they were legally parked, and that the damages were in excess of $1,000.

At the time the complaint was issued the defendant was in Texas. Pursuant to an agreement between the district attorney and the defense counsel, the defendant returned to Wisconsin for a combined initial appearance and preliminary examination.

At the preliminary hearing, Eva Jackson, who had been a passenger in the defendant's car at the time in question, testified that she was with the defendant at Gramp's bar in Mineral Point and asked the defendant for a ride down the street. Eva Jackson and defendant got into his car which was parked in an alley behind Gramp's bar. The defendant drove out into Chestnut Street and drove up the street. He ran over some motorcycles that were parked on the right hand side of the street. He turned into High Street where there was a second group of motorcycles parked on the defendant's left hand side of the street. He drove his car across the street and ran over those motorcycles and then returned to his right hand side of the street.

The state called four persons whose motorcycles had been parked and damaged. They all testified the damage was without their consent. They were all also asked to testify as to the dollar amount of the damage to their respective mortorcycles. The court sustained objections to this offered testimony on the ground it was hearsay.[1]

The district attorney then made a motion to dismiss the complaint without prejudice. This motion was denied and the order denying the motion is before us for review. In denying the motion to dismiss, the trial court stated that because the defendant had already "incurred

---

[1] This evidentiary ruling was not challenged and is not at issue in this review.

a certain amount of expense" to come back to Wisconsin from Texas, and "to grant the motion now to dismiss without prejudice, which I assume would permit the District Attorney to then reissue the charge and result in a second preliminary, would be unfair."

After the motion to dismiss the original complaint was denied, the trial court invoked sec. 970.03 (8), Stats.,[2] to amend the complaint so that it charged a misdemeanor rather than a felony. On November 9, 1977, the district attorney moved to dismiss the complaint as amended. In support of his motion the district attorney advised the court that he now had additional evidence as to the damage estimates and that he intended to recommence this action charging a felony. The trial court refused to do so. The court again stated it would be unfair to the defendant and that sec. 970.03 (8) required the case proceed as a misdemeanor. This ruling is the second order challenged by the writ of error in Case No. 77–484–CR. The amended complaint is still pending and awaits a trial date.

On November 15, 1977, the district attorney issued a second felony complaint essentially identical to the original felony complaint and based upon the same incidents.

Prior to serving the defendant, a hearing was held on the complaint. At the hearing the trial court noted the existence of the pending misdemeanor charge and, consequently, dismissed the second felony complaint. It first declared that sec. 970.04, Stats.,[3] allowing the issuance

---

[2] "970.03 **Preliminary examination.** . . . (8) If the court finds that it is probable that only a misdemeanor has been committed by the defendant, it shall amend the complaint to conform to the evidence. The action shall then proceed as though it had originated as a misdemeanor action."

[3] "970.04 **Second examination.** If a preliminary examination has been had and the defendant has been discharged, the district attorney may file another complaint if he has or discovers additional evidence."

of another complaint, was inapplicable because the defendant had not been discharged after the first preliminary examination. It then concluded that to permit two separate complaints to be processed under the circumstances of the case would be "intolerable." A writ of error to review the order dismissing the second felony complaint was issued in Case No. 77–483–CR and is before us for review.

The issues are whether it was error to deny the motion to dismiss the complaint without prejudice at the close of the preliminary examination and error to deny the motion to dismiss the complaint after the court amended it so as to reduce it to a misdemeanor. Further, whether it was error to dismiss the second felony complaint.

In support of its position the state contends a prosecutor in Wisconsin has the right to dismiss a pending prosecution without prior approval of the court. The defendant argues that prosecutorial discretion is necessarily restricted by the trial court's own discrete authority and responsibility with respect to the disposition of pending criminal proceedings. Among these responsibilities, the defendant argues, is the duty to consider the individual merits of all motions made in the proceedings before it, including motions to dismiss by the district attorney.

The district attorney's principal duties are spelled out in sec. 59.47, Stats. The statute declares in part:

"The district attorney shall:
"(1) Prosecute or defend all actions, applications or motions, civil or criminal, in the courts of his county in which the state or county is interested or a party; . . .
"(2) Prosecute all criminal actions before any court in his county, other than those exercising the police jurisdiction of incorporated cities and villages in cases arising under the charter or ordinances thereof, when requested by such court; and upon like request, conduct all criminal examinations which may be had before such court, and prosecute or defend all civil actions before such courts in which the county is interested or a party."

In the performance of these duties it is settled that the district attorney is vested with a great deal of discretion:

"The district attorney in Wisconsin is a constitutional officer and is endowed with a discretion that approaches the quasi-judicial. *State v. Peterson* (1928), 195 Wis. 351, 359, 218 N.W. 367.

"It is clear that in his functions as a prosecutor he has great discretion in determining whether or not to prosecute. There is no obligation or duty upon a district attorney to prosecute all complaints that may be filed with him. While it is his duty to prosecute criminals, it is obvious that a great portion of the power of the state has been placed in his hands for him to use in the furtherance of justice, and this does not per se require prosecution in all cases where there appears to be a violation of the law no matter how trivial. In general, the district attorney is not answerable to any other officer of the state in respect to the manner in which he exercises those powers." *State ex rel. Kurkierewicz v. Cannon*, 42 Wis.2d 368, 378, 166 N.W.2d 255 (1969).

However, *Kurkierewicz*, at p. 380, qualifies this discretion as follows:

". . . the position of district attorney, though constitutional, was not one of inherent powers, but was answerable to specific directions of the legislature. It appears settled, therefore, in Wisconsin at least, that the prosecutor is subject to the enactments of the legislature. . . .

"While it is thus apparent that the district attorney is invested with great discretion and in the usual case can manage his office free from the overseership of the courts or the legislature, it is equally clear that the legislature may, if it desires, spell out the limits of the district attorney's discretion and can define the situations that will compel him to act in the performance of his legislatively prescribed duties."

With respect to prosecutorial discretion to enter a *nolle prosequi*, what if any limitation is there to the district at-

torney's broad, essentially unqualified authority under sec. 59.47, Stats., to "prosecute" criminal actions?

The general rule regarding *nolle prosequi* has been summarized as follows:

"Sec. 514. *Power of prosecuting attorney.*

"In the absence of a controlling statute or rule of court, the power to enter a nolle prosequi before the jury is impaneled and sworn lies in the sole discretion of the prosecuting officer. This is true regardless of the attitude of the court." 21 Am. Jur.2d, *Criminal Law*, p. 504, sec. 514 (1965).

However, we believe Wisconsin has departed from the general rule and has retained in the courts some limitation on the discretion of the district attorney in *nolle prosequi* cases. *Guinther v. Milwaukee*, 217 Wis. 334, 258 N.W. 865 (1935), involved a writ of error to review a judgment of the municipal court denying a city attorney's motion to dismiss and appointing counsel to appear for the city after the city attorney refused to continue with the action. This court, upholding the trial court's action, set forth a general standard for limited judicial supervision of prosecutorial motions to dismiss which departed from the common law and clearly removed Wisconsin from the group of jurisdictions where absolute prosecutorial discretion prevailed. The court stated at p. 339:

"The city attorney is an important official, but the people, through their representatives in the legislature and the common council, have not placed the fate of efforts to maintain law and order entirely in his hands. Where a public interest is involved, or the interest of a third party, it is the duty of the court to consider those interests in determining whether or not to dismiss an action. *State ex rel. City of Milwaukee v. Ludwig*, 106 Wis. 226, 82 N.W. 158; *Boutin v. Andreas*, 161 Wis. 152, 152 N.W. 822; *School District v. Clifcorn*, 133 Wis. 465, 112 N.W. 1099; *Obermeier v. Milwaukee E. R. & L. Co.*, 177 Wis. 490, 188 N.W. 603 . . . When it does happen that a

prosecution begun by the police department is sought to be terminated by the city attorney, the law places upon the court the duty of deciding whether or not the welfare of the people, the public interest, will be served by sustaining a motion on the part of the city attorney to dismiss, or whether the court should retain jurisdiction and proceed with this trial.

"The district court is a court of record. It is vested with exclusive jurisdiction to examine, try, and sentence all offenders against the ordinances of the city. Ch. 586, Laws of 1921. When the people placed this exclusive jurisdiction in the court for the purposes referred to, they necessarily and certainly included with the responsibility, the full and complete power to take all steps necessary to make their requirement effective."

Since 1935 this court has had no occasion to review or reaffirm this holding. However, as recently as 1975, the 5th Circuit in *United States v. Cowan*, 524 F.2d 504 (5th Cir. 1975), specifically cited *Guinther* as an example of judicial modification of the common law. Its language, at pp. 509–10, is apropos:

"Before the adoption of 48 (a), more than thirty states had, by statute or judicial decision, modified the common law to give courts a responsible role in the dismissal of a pending criminal proceeding by requiring an 'order' or 'leave' or 'consent' of court. The state case law interpreting this change is sparse, but what there is of it consistently affirms the power and duty of the court to exercise discretion to grant or withhold leave to dismiss pending criminal prosecution in 'the public interest.' "

The fact that the *Guinther Case* specifically involved the authority of the municipal court vis-a-vis the city attorney rather than, as in the present case, the county court vis-a-vis the district attorney is, in our opinion, immaterial. The court's analysis is equally applicable to both relationships. The legislative grant of authority to the county court in ch. 253, Stats., is certainly no less broad, no less discretionary than that bestowed on municipal courts in ch. 254.

■

In sum, we believe the holding in *Guinther* is clear and conclusive. Prosecutorial discretion to terminate a pending prosecution in Wisconsin is subject to the independent authority of the trial court to grant or refuse a motion to dismiss "in the public interest."

■

The discretion resting with the district attorney in determining whether to commence a prosecution is almost limitless as expressed by this court in *State ex rel. Kurkierewicz v. Cannon, supra;* however, when the jurisdiction of the court is invoked by the commencement of a criminal proceeding, the court can exercise the discretion described in *Guinther, supra.*[4]

The trial court here correctly recognized that the district attorney "has no automatic authority to secure a dismissal" and that "the merits of that motion will be ruled upon by the Court in determining whether or not the motion should be granted." The question now is whether in ruling upon the merits of the motions the trial court considered whether refusal or granting would be "in the public interest."

The record reveals the grounds for the trial court's denial of both the motion to dismiss the original felony complaint and the motion to dismiss the amended misdemeanor complaint. The court's language in ruling on the first motion to dismiss was clear and precise:

"*Mr. Scallon:* I object to that, Your Honor. Mr. Kenyon has just come from his home in Texas to answer this matter. He flew from his home to Dallas, from Dallas to Chicago and from Chicago to Madison; drove out here in the fog last night to answer these criminal charges that

[4] The quotation from 27 C. J. S., p. 648, sec. 10, *District and Prosecuting Attorneys*, as it appears at p. 379 of *State ex rel. Kurkierewicz v. Cannon*, 42 Wis.2d 368, 166 N.W.2d 255 (1969), is dicta and is withdrawn to the extent it conflicts with *Guinther v. Milwaukee*, 217 Wis. 334, 258 N.W. 865 (1935).

are brought against him. His expense is enormous to answer these charges . . . To allow the State of Wisconsin to dismiss this charge at this point would prejudice Mr. Kenyon's rights, deprive him of property, deprive him of time away from his business. . . .

"*The Court:* As to the motion to dismiss without prejudice, that motion is denied for the reasons stated by Mr. Scallon. This complaint has been on file since September 22nd of this year. It is now November 2nd. This preliminary was arranged some time ago. According to Mr. Scallon, the defendant has incurred a certain amount of expense in being present for this preliminary, and to grant the motion now to dismiss without prejudice, which I assume would permit the District Attorney to then reissue the charge and result in a second preliminary, would be unfair."

The court's denial of the motion to dismiss the amended misdemeanor complaint has a similar foundation:

"Now, at the time that I denied your motion to dismiss, I believe that I cited for the record the fact that Mr. Kenyon had come from Texas in order to make his appearance, that the charge had been pending since the filing of the complaint on September 22, 1977, and that it would—I believe I stated, although I could be wrong, it seemed to me to be quite unfair to have him go to the trouble of appearing here at that inconvenience and due to the fact that this complaint had been pending for over two months, to suddenly grant a motion to dismiss with the statement of the District Attorney that he was going to immediately instigate the charge again, and, of course, the charge being a felony, would result in another preliminary. Based on that and 970.03 (8), the Court made a finding that a misdemeanor had been committed and ordered the complaint so amended. I see no reason to change that ruling. Your motion is denied."

The standard that the decision should be "in the public interest" is admittedly broad. *Guinther* sheds little light on the various factors and considerations which may legitimately be included under this rubric. The requirement that a ruling be "in the public interest" logically en-

visages some consideration of the effect of dismissal or refusal to dismiss on the general welfare. It would be impossible to make an exhaustive list of just what to take into account in this regard. Relevant factors would necessarily be keyed to the specifics of each case. However, in all cases some finding should be made with respect to the impact of the ruling on the public interest in proper enforcement of its laws and the public interest in allowing the prosecutor sufficient freedom to exercise his legitimate discretion, to employ to the best effect his experience and training, and to make the subjective judgment implicit in the broad grant of authority under sec. 59.47, Stats.

Measuring the trial court's grounds for denial of the motions against the phrase "in the public interest," we conclude that the trial court's reasons were legally insufficient. While the trial court was not without authority to rule, it erred in denying the motions since it failed to make any determination concerning how granting or refusing the motion would affect the public interest. While the concerns expressed by the court for the defendant were legitimate and proper and go to the public interest to a limited degree, there must also be some concern with the public's right to have the crimes actually committed fairly prosecuted and to the protection of the rights of third persons. The court should consider the various elements as they appear and then exercise its discretion. The orders on both motions in Case No. 77–484–CR should be vacated and remanded to the trial court for its reconsideration.

The trial court's action in first refusing to grant the state's motion to dismiss the original felony, subsequently amending the felony complaint to charge a misdemeanor, and finally refusing to grant the state's motion to dismiss the misdemeanor were not based solely on consideration of fairness to the defendant. In large measure

its decisions were influenced, if not controlled, by its understanding of the court's responsibility under sec. 970.03(8), Stats. The following dialogue between the district attorney and the trial court clearly reveals this:

*"Mr. Berryman:* . . . we're not talking about a situation where the State does not want to prosecute. We're dealing with a case where the State does want to prosecute but is being essentially forced into a lower position on the prosecutorial level by the decision of the Court . . . Certainly it is my intent in this case to prosecute, and it would appear that the net result of what has transpired would be that a preliminary hearing initially held would be in a matter of res judicata. Prejudice would attach. It would be a final hearing as opposed to a preliminary hearing, and the initial charge could never be brought back if probable cause were not shown; and if that simple method of proceeding has been delineated in other cases that I have cites to where there has been a dispute at the preliminary hearing over various facts and the Court has challenged the District Attorney's right to reissue that complaint against and hold a second preliminary hearing. Likewise in those situations, the courts have stood universally for the proposition that failure at a preliminary examination does not attach prejudice in any way and that the District Attorney is free to bring—
*"The Court:* How does that square with subsection (8) of 970.03, wherein it is stated that if—dealing with preliminary examination, if the court finds that it is probable that only a misdemeanor has been committed by the defendant, it shall amend the complaint to conform to the evidence. It says 'shall amend the complaint.' That's mandatory, is it not?"

The court's conclusion concerning sec. 970.03(8), Stats., if correct, will have a profound effect on the relatively simple method of proceeding which has heretofore characterized preliminary examinations and led this court to depict them as being "concerned with the practical and nontechnical probabilities of everyday life in determining the existence of probable cause." *Taylor v. State,* 55 Wis.2d 168, 173, 197 N.W.2d 805 (1972). It will serious-

ly compromise the effectiveness of sec. 970.04 which authorizes the district attorney to file a second complaint in certain circumstances, and will threaten the district attorney's discretionary authority to prosecute criminal cases in an effective and efficient manner. The matter requires careful consideration.

The legislative directive in sec. 970.03 (8), Stats., appears unambiguous on its face. The language is clear and straightforward:

> "(8) If the court finds that it is probable that only a misdemeanor has been committed by the defendant, it shall amend the complaint to conform to the evidence. The action shall then proceed as though it had originated as a misdemeanor action."

It is beyond question that before the court may review matters outside the statutory language in order to determine the meaning intended by the legislature, the statute itself must reveal some ambiguity.[5] However, ambiguity can be created by the interaction of two separate statutes as well as by the interaction of the words and structures of a single statute.[6]

Sec. 970.04, Stats., endows the district attorney with broad authority to file a second complaint after the defendant has been discharged, "if he has or discovers additional evidence."

Several decisions of this court have reviewed the prosecutor's powers under the section and construed the language it employs.[7] Recently the court in *State v. Antes,* 74 Wis.2d 317, 322, 246 N.W.2d 671 (1976), had occa-

---

[5] *Weather-Tite Co. v. Tepper,* 25 Wis.2d 70, 130 N.W.2d 198 (1964).

[6] *In Matter of Estate of Walker,* 75 Wis.2d 93, 248 N.W.2d 410 (1977).

[7] *See Tell v. Wolke,* 21 Wis.2d 613, 124 N.W.2d 655 (1963), and *State ex rel. Beck v. Duffy,* 38 Wis.2d 159, 156 N.W.2d 368 (1968).

sion to reassess the principal cases treating the statute. Its language indicates that the scope of the prosecutor's authority under this section was intended by the legislature to be very broad indeed:

"[It is our] belief that a discharge on a preliminary hearing should not have the same effect as an acquittal after a trial on the merits. *Tell, supra* at 617, 124 N.W. 2d at 658. The *Tell* decision was primarily a holding that when new or unused evidence would support a finding of probable cause a second complaint could be issued. This was a construction of the statute."

This construction of the prosecutor's role under sec. 970.04, Stats., is fundamentally incompatible with the expansive interpretation—espoused by both defendant and the trial court—of the trial court's duty under sec. 970.03(8). Sec. 970.04, Stats., as construed, and sec. 970.-03(8) by its terms, appear to be irreconcilable.

The present form of sec. 970.03, Stats., was enacted by the legislature in 1969, Laws of 1969, ch. 255, sec. 63. A note published with the enactment, Laws of 1969, ch. 255, sec. 63, and clarifying its purpose is of particular significance. It declared quite simply:

"Sub. (8) is a simplification of the present s. 954.13 (2)."

The language of former sec. 954.13(2), Stats., was certainly in need of simplification. The section provided:

"(2) When it appears from the evidence that the crime with which the defendant is accused is within the trial jurisdiction of a justice of the peace, if the magistrate is a justice, he shall amend the complaint and warrant to conform to the evidence; and shall thereupon proceed to try the defendant as though the proceeding had originated before him, under chapter 360. But if the magistrate is not a justice of the peace or if he is a justice but cannot proceed with the trial, he shall amend the warrant and complaint and transmit all the papers and a copy of his docket to the nearest justice of the peace of the county. The defendant shall be taken before the jus-

tice designated and he shall proceed to try the defendant pursuant to chapter 360, the same as though the proceeding had originated before him under that chapter." (1953 Wis. Stats.)

It appears that the legislation went from one extreme to the other. If sec. 954.13 (2), Stats., said too much to convey clearly the legislature's intent, sec. 970.03 (8) says too little. However, because as the note above indicates, sec. 970.03 (8) is a simplification of the earlier statute, we begin with the assumption that their general legislative purpose is the same.

Sec. 954.13 (2), Stats., was enacted as part of a broad revision of the Criminal Code in 1949. The legislative history of the revisions, Laws of 1949, ch. 631, sec. 47, made specific reference to a series of articles explaining the changes by William A. Platz, then Assistant Attorney General, 1950 Wis. L. Rev. 28–48, 236–251, 508–522. The analysis of the purpose of sec. 354.13 (2) is of critical significance to a proper grasp of the true meaning of sec. 970.03 (8). It is worth quoting at length:

"6. *Procedure When Evidence Shows Case to be Within Trial Jurisdiction of Justice of the Peace*

"Section 354.13 (2). It sometimes happens that when the complaint charges a crime which is beyond the trial jurisdiction of a justice of the peace, the evidence at the preliminary examination fails to support that charge but does disclose that a crime within the trial jurisdiction of a justice of the peace has been committed by the defendant. The magistrate conducting the preliminary examination is, under the old law, without authority in such a case to bind the prisoner over to the circuit court for trial. All that can be done is to discharge the accused, who may then be rearrested if a new warrant charging the lesser crime is issued. To meet this situation, new section 354.13 (2) was enacted. . . .
". . .
"Concededly, this section is open to possible abuse. It opens the way for magistrates to reduce the degree of

charges against prisoners brought before them, even though the state has produced some evidence of the greater offense. But if the district attorney is unwilling to prosecute on the reduced charge, he can always dismiss the original complaint (as amended) and start over by causing a new complaint to be filed on the original charge pursuant to section 355.20."

We conclude sec. 970.03(8), Stats.—far from being a grant to the trial court of substantial authority over charging decisions—is merely a tool for effectuating a certain procedural convenience and efficiency which might otherwise have been beyond the jurisdiction of the court to effect.

The language of sec. 970.03 (8), Stats., was not intended to limit the prosecutor's broad discretion to prosecute criminal actions under sec. 59.47, nor to defeat his power under sec. 970.04 to bring a second examination. The trial court erred in concluding that the statute mandated the amendment of the first felony complaint to charge a misdemeanor in the face of the prosecutor's express assurance that he possessed additional evidence concerning the value of the property damage and that he intended to issue a second felony complaint on dismissal.

The state contends the trial court erroneously granted the motion to dismiss the second felony complaint. To resolve this issue the court must consider the stature of both cases.

If it is determined by the trial court upon a remand that the motion to dismiss the first felony count should again be denied and that the motion to dismiss the misdemeanor count should also be denied, then the order dismissing the second felony complaint is proper and should be affirmed. This is so because sec. 970.04, Stats., authorizes the issuance of a second complaint only after the

defendant has been discharged. If the first felony is amended to charge a misdemeanor the defendant will not have been discharged.

If, on the other hand, the trial court upon remand determines that the motion of the district attorney to dismiss the first felony complaint should be granted, then it follows that a second felony complaint could be prosecuted and the motion to dismiss it should be denied.

The orders in the first felony complaint and the amended misdemeanor complaint should be vacated and remanded for further consideration by the trial court not inconsistent with this opinion; the order dismissing the second felony complaint should be vacated and remanded to abide the action of the court as to the first felony complaint.

*By the Court.*—Orders in Case No. 77–484–CR are vacated and remanded for further proceedings not inconsistent with this opinion; the order in Case No. 77–483–CR is vacated and remanded for further proceedings not inconsistent with this opinion.