STATE of Wisconsin, Plaintiff-Appellant,

v.

Christopher CLARK, Defendant-Respondent.†

Court of Appeals

*No. 90–1513–CR. Submitted on briefs February 5, 1991.—Decided April 2, 1991.*

(Also reported in 469 N.W.2d 871.)

---

†Petition to review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

---

For the plaintiff-appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, with *Paul Lundsten,* assistant attorney general, of Madison.

For the defendant-respondent the cause was submitted on the briefs of *Russell D. Bohach,* of *Brennan & Collins,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

SULLIVAN, J. The state appeals from an order dismissing its criminal action charging Christopher Clark with second-degree recklessly endangering safety, in violation of sec. 941.30(2), Stats. The trial court dismissed the action prior to the attachment of jeopardy and without prejudice, over the state's objection. The issue on appeal is whether the trial court had the inherent power to dismiss, absent statutory authorization, prosecutorial request, or constitutional violation. The trial court's dismissal was implicitly based on the inherent power that it believed it had. We disagree and reverse the order.

At the time of the alleged offense, March 22, 1989, Clark was Susan Langford's boyfriend. According to the complaint, Langford had driven to Clark's house at 3:00 a.m. "to confront" him. As she drove out of the driveway, Clark allegedly stood in front of her car and fired a gun at her. The complaint states that the bullet penetrated the windshield, struck the dashboard, hit the steering wheel, and lodged into the visor above the steering wheel.

The court set several trial dates. However, even though subpoenaed, Langford failed to appear. She

apparently appeared once, but "the matter was put over."[1] She was also present on the day the court dismissed the case. The court then questioned Langford about her position. She stated: "I wanted to drop the charges the first time I came down for the preliminary. He has not threatened me whatsoever. I felt that it was an accident from the start."

The court then indicated that Clark's action was "a crime not only against the individual, it's a crime against the State," and that "[t]he State is prosecuting this case," not Langford. The trial court's entire reasoning was as follows:

> [T]he Court does not take lightly the proposition of somebody making a complaint on a felony case and then dropping it. This is something that's frankly quite intolerable.
>
> We have literally thousands of cases filed, from operating auto without owner's consent all the way up to first degree murder. We can't have people very nonchalantly and with a degree of insolence walk in and say, well, I changed my mind, I'm not going to prosecute any more. Cases [sic] is dismissed.

The state objected to the dismissal, stating on the record that "it's contrary to the public interests" to dismiss. The state said it would try for a "middle ground" between "felony and dismissal" and would attempt to work out a resolution of at least a guilty plea on a misdemeanor. It argued that a misdemeanor plea would be better than a dismissal for the community and, perhaps, the victim. Defense counsel, after this discussion, moved for dismissal, stating its belief that dismissal was not at the time "contrary to public interests." The court then

---

[1]This appearance occurred after the court revoked bail on the endangerment charge and issued a bench warrant for Clark.

ruled: "I think it is contrary to public policy, but it's going to be dismissed."

In *State v. Braunsdorf,* 98 Wis. 2d 569, 570, 297 N.W.2d 808, 809 (1980), the Wisconsin Supreme Court considered whether trial courts have "the inherent authority to dismiss with prejudice a criminal case prior to the attachment of jeopardy." The supreme court concluded that "except for those situations in which a defendant's constitutional right to a speedy trial is implicated, the trial court possesses no such inherent authority." *Id.* We now extend *Braunsdorf* to this case.

*Guinther v. City of Milwaukee,* 217 Wis. 334, 258 N.W. 865 (1935), was the first time the supreme court recognized "the court's limited supervisory role over prosecutorial motions to dismiss." *Braunsdorf,* 98 Wis. 2d at 573–74, 297 N.W.2d at 810. The prosecutor has "largely unfettered discretion in the initiation of criminal proceedings." *Id.* at 572, 297 N.W.2d at 810. In this case, the state made no motion to dismiss and in fact, clearly opposed dismissal. The distinguishing factor between *Braunsdorf* and this dismissal is that the *Braunsdorf* trial court dismissed *with* prejudice. However, just as in a dismissal with prejudice, there is also no applicable statutory, constitutional or common-law authorization for the trial court's power to dismiss without prejudice under these circumstances. Only four statutes pertain to a court's dismissal without prejudice, none of which apply to this situation. *See* secs. 968.03, 970.03(9) and (10), 970.04, and 971.01(2), Stats.[2] Also,

---

[2]Section 968.03, Stats., allows dismissal of the complaint if the judge finds no "probable cause to believe that an offense has been committed or that the accused has committed it." Section 970.03, Stats., allows for dismissal at the preliminary examination if there is no "probable cause to believe that a crime has been

Clark does not assert deprivation of a constitutional right which may vest the court with dismissal authority. Clark's argument rests solely on an "inherent power" vested in the court. We are not persuaded by this argument. *See Braunsdorf,* 98 Wis. 2d at 578–85, 297 N.W.2d at 812–16. The authority to seek dismissal, with or without prejudice, except in cases of statutory or constitutional authorization, rests in the discretion of the prosecutor.[3] The trial court then has the discretion to grant or deny the state's motion. *State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160, 164 (1978).

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.

committed by the defendant," sec. 970.03(9), or in the case of multiple counts, a count is not supported by probable cause, sec. 970.03(10). Section 970.04, Stats., implicitly allows for a dismissal at a second examination for the same reasons as a preliminary examination, *see* sec. 970.03(10), Stats. Section 971.01(2), Stats., mandates dismissal for failure to file the information within the prescribed time limit.

[3]The state argues that, prior to defense counsel's motion to dismiss, the trial court, *sua sponte,* dismissed the case. Given our determination in this case, no *sua sponte* authority exists, nor can the trial court dismiss based on defense counsel's motion.