STATE of Wisconsin, Plaintiff-Respondent,

v.

Peter J. DUMS, Defendant-Appellant.†

Court of Appeals

*No. 88–1154–CR. Submitted on briefs January 11, 1989.—*
*Decided February 21, 1989.*

(Also reported in 440 N.W.2d 814.)

† Petition to review denied.

315

For defendant-appellant there were briefs submitted by *Robert P. Rusch* of *Rusch & Rusch Law Office, S.C.* of Medford.

For plaintiff-respondent there was a brief submitted by *Donald J. Hanaway,* Attorney General, and *Thomas J. Balistreri,* Assistant Attorney General of Wisconsin Department of Justice of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J. This is an interlocutory appeal from a nonfinal trial court order upholding the constitutionality of sec. 967.055(2), Stats. Peter J. Dums, charged with a second offense of operating a motor vehicle while under the influence of an intoxicant, contends that this subsection of the statute violates the separation-of-powers doctrine and fails to contain standards necessary for proper implementation. Because the statute does not result in substantial encroachment by the legislature or judiciary on an executive function and because it contains an appropriate standard to guide the trial court in reviewing the prosecutor's motion to dismiss or amend an OWI charge, we affirm.

A state trooper issued Dums a citation for operating a motor vehicle while under the influence of an intoxicant. When the state trooper discovered that this had been Dums's second offense, the matter was referred to the county's district attorney for the issuance of a long form criminal complaint, charging Dums with OWI, second offense. Without making an independent inquiry into the underlying facts, the district attorney prepared, signed, and filed a long form criminal complaint charging Dums with OWI.

Subsequently, under sec. 967.055(2), the district attorney moved to amend the charge to operating left of the centerline, a civil forfeiture. Pursuant to sec. 967.055(2), the court may approve the application to amend or dismiss only if it finds that the proposal is consistent with the public's interest in deterring the operation of motor vehicles by persons who are under the influence of an intoxicant. In support of his application, the district attorney presented eleven reasons to the court why the charge should be amended. Some of the reasons included the level of Dums's blood alcohol concentration at .103%; the fact that no independent corroboration of Dums's intoxicated condition existed; and the discouraging effect of an acquittal Dums's trial would have on future OWI prosecutions.

Notwithstanding these reasons, the trial court rejected the proposed amendment after determining it was inconsistent with the public's interest in deterring persons from operating a motor vehicle while under the influence of an intoxicant. Specifically, the trial court concluded that there was no contention the Intoxilyzer machine was not in proper working condition or operated by an unqualified person and that a breath alcohol concentration of .11% provided a triable fact. As a result of this decision, Dums challenged the constitutionality of sec. 967.055(2). The trial court upheld the constitutionality of the statute, and Dums appealed to this court.[1]

A statute is presumed to be constitutional, and a heavy burden is placed on the party challenging its constitutionality. *Milwaukee County v. Proegler*, 95

[1]Dums does not challenge the trial court's exercise of discretion when rejecting the district attorney's proposed amendment.

Wis. 2d 614, 629–30, 291 N.W.2d 608, 615 (Ct. App. 1980). The challenger must demonstrate the unconstitutionality of the act beyond a reasonable doubt:

> Every presumption must be indulged to sustain the law if at all possible and, wherever doubt exists as to a legislative enactment's constitutionality, it must be resolved in favor of constitutionality. This court has often affirmed the well-established presumption of constitutionality that attaches itself to all legislative acts ....

*Id.* (quoting *State ex rel. Hammermill Paper Co. v. La Plante,* 58 Wis. 2d 32, 46, 205 N.W.2d 784, 792 (1973)). "If the court can conceive any facts on which the legislation could reasonably be based, it must hold the legislation constitutional." *Id.* (quoting *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d 491, 506, 261 N.W.2d 434, 441 (1978)). We owe no deference to the trial court when determining the constitutionality of a statute. *Mobil Oil Corp. v. Ley,* 142 Wis. 2d 108, 111, 416 N.W.2d 680, 682 (Ct. App. 1987).

Dums contends that sec. 967.055(2) violates the separation-of-powers doctrine because the statute mandates judicial interference in the exercise of executive power. Section 967.055(2) provides in part:

> Dismissing or amending charge. ... if the prosecutor seeks to dismiss or amend a charge ... the prosecutor shall apply to the court. The application shall state the reasons for the proposed amendment or dismissal. The court may approve the application only if the court finds that the proposed amendment or dismissal is consistent with the public's interest in deterring the operation of motor vehicles by persons who are under the influence of an intoxicant ....

Wisconsin's separation-of-powers principle prohibits a substantial encroachment by one branch of government on a function that has been delegated to another branch. *State ex rel. Unnamed Petitioners v. Connors,* 136 Wis. 2d 118, 121, 401 N.W.2d 782, 783 (1987).[2] This issue in separation-of-powers cases is whether the statute in question "materially impairs or practically defeats" the proper function of a particular branch and the exercise of powers delegated to it. *Id.* at 122, 401 N.W.2d at 783. A statute may not allow one branch of government to unduly burden or substantially interfere with another branch's exercise of authority. *Id.* at 122, 401 N.W.2d at 783–84. Governmental branches nevertheless may share similar powers without interfering with another branch's exercise of authority. *See State v. Washington,* 83 Wis. 2d 808, 816, 825–26, 266 N.W.2d 597, 601, 605–06 (1978).

Wisconsin case law has repeatedly held that the discretion whether to charge and how to charge vests solely with the district attorney. *Unnamed Petitioners,* 136 Wis. 2d at 125–26, 401 N.W.2d at 785. It is also recognized that the district attorney's broad discretion whether to commence a prosecution is almost limitless. *Id.* at 129, 401 N.W.2d at 786; *see also State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160, 164 (1978). However, once prosecution has been commenced, the charge cannot be dismissed sua sponte by the district attorney

---

[2]In *Unnamed Petitioners,* the supreme court declared sec. 968.02(3), Stats., unconstitutional because it allowed the circuit court to file charges if the district attorney refused to or was unavailable to issue a complaint. The court reasoned that the statute authorized the court's usurpation of an essential executive function. *Id.* at 130–31, 401 N.W.2d at 787–88.

because it becomes subject to court control. *Unnamed Petitioners,* 136 Wis. 2d at 129, 401 N.W.2d at 786; *see also Kenyon.*

After prosecution is commenced, the trial court under its own power may refuse a prosecutor's motion to dismiss or amend the charge if it determines the motion was not in the public interest. *Kenyon,* 85 Wis. 2d at 45, 270 N.W.2d at 164. In Wisconsin, it is equally clear that the legislature may, if it desires, spell out the limits of the prosecutor's discretion and can define the limits of that discretion. *Id.* at 42, 270 N.W.2d at 163. Thus, a trial court may review the exercise of prosecutorial discretion to terminate or amend pending prosecution pursuant either to its own power or to a legislative standard for limited judicial supervision of prosecutorial motions to dismiss or amend.

Section 967.055(1)(a) states that the statute's purpose is to encourage the vigorous prosecution of offenses concerning the operation of motor vehicles by drivers under the influence of alcohol or controlled substances. By enacting sec. 967.055(2), the statute in question, the legislature mandated judicial supervision of prosecutorial motions to dismiss or amend OWI charges to ensure the vigorous prosecution of drunk driving offenses. Thus, when the court scrutinizes the district attorney's application to amend or dismiss the charge, it is merely executing both its and the legislature's permitted shared power with the executive branch under the separation-of-powers doctrine.

We also reject Dums's argument that the court must accept at face value the prosecutor's reasons to dismiss or amend the OWI charge. *See United States v.*

*Cowan,* 524 F.2d 504 (5th Cir. 1975). Without violating the separation-of-powers doctrine, sec. 967.055(2) requires further inquiry in light of the reasons advanced by the prosecutor. This inquiry's scope also legitimately includes examining the public interest in light of deterring drunk driving offenses.

Dums also asserts that the statute must fail under the separation-of-powers doctrine because when the charges are made, the prosecutor has no opportunity to make an independent assessment and exercise prosecutorial discretion. It is true that the prosecutor's role is limited when police officers cite offenders with civil charges. Nevertheless, in such instances the prosecutor still possesses continuing discretion to amend or dismiss the charge. Under the shared power theory, this discretion is subject to court approval.

We are not faced with that situation, however, in this instance. Here, the state trooper charged Dums initially with OWI. When it was determined to be a second offense, the matter was referred to the district attorney to prepare a criminal complaint. As we established previously, the initial decision to charge and what to charge rests solely with the prosecutor. *Unnamed Petitioners,* 136 Wis. 2d at 125–26, 401 N.W.2d at 785. The district attorney in this instance had the opportunity but failed to exercise his broad discretion when issuing the OWI complaint against Dums. Dums or the district attorney cannot argue after the fact that budget or time constraints prevented the exercise of this discretion. Thus, once a district attorney commences prosecution in a criminal action, the discretion to amend or dismiss the charge then becomes a shared

power with the courts and legislature under the separation-of-powers doctrine.

Finally, Dums argues that sec. 967.055(2) is void for vagueness and therefore unconstitutional. Dums believes the statute is vague because it lacks a standard to guide the trial court when examining the prosecutor's motion to dismiss or amend the OWI charge. A challenge of a criminal statute for vagueness requires that the statute prohibit specific conduct. *State v. Courtney,* 74 Wis. 2d 705, 709–11, 246 N.W.2d 714, 717–19 (1976); *see also Connally v. General Const. Co.,* 269 U.S. 385, 391 (1926). Section 967.055(2) does not prohibit conduct, but instead regulates the court's procedure for determining whether the prosecutor's application to amend or dismiss the charge should be accepted. Therefore, we need not analyze the void for vagueness argument.

We will address, however, the argument that procedural due process requires a statute to possess a definite standard that can be consistently applied by trial courts. Dums asserts that the statute is arbitrarily and discriminatorily applied because the standard is not clear or definite.

It is established that when a court determines the dismissal of an action, it must consider the public interest or the interest of a third party. *Guinther v. City of Milwaukee,* 217 Wis. 334, 339, 258 N.W. 865, 867 (1935). In *Kenyon,* the court held that the term "in the public interest" was sufficient for the trial court to exercise its discretion when determining whether to allow the prosecutor to amend a complaint under sec. 970.03(8), Stats. The court elaborated on the meaning of "in the public interest":

It would be impossible to make an exhaustive list of just what to take into account in this regard. Relevant factors would necessarily be keyed to the specifics of each case. However, in all cases some finding should be made with respect to the impact of the ruling on the public interest in proper enforcement of its laws and the public interest in allowing the prosecutor sufficient freedom to exercise his legitimate discretion, to employ to the best effect his experience and training ....

*Id.* at 46–47, 270 N.W.2d at 165.

■

Based upon *Kenyon,* the term "in the public interest" is both clear and definite. Here, especially in light of the statute's intent, the standard in the public interest is even more definite for it requires the court to examine all relevant factors concerning the public's interest in deterring drunk driving. We conclude that this is a reasonable standard and one that can be consistently applied by trial courts. We also recognize that because the standard's application is based upon the court's exercise of discretion, variances in the application will occur depending on the nature of the case. Furthermore, we emphasize that trial courts should allow prosecutors sufficient latitude to exercise their legitimate discretion. Because Dums has not proven beyond a reasonable doubt the unconstitutionality of sec. 967.055(2), we affirm the trial court.

*By the Court.*—Order affirmed.