STATE of Wisconsin,
Plaintiff-Respondent,

v.

Brian R. CORVINO,
Defendant-Appellant.

Court of Appeals

*No. 2015AP584–CR. Submitted on briefs May 10, 2016.
—Decided June 14, 2016.*

2016 WI App 52

(Also reported in 883 N.W.2d 169.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy B. Melms* of *Hogan & Melms, LLP*, Rhinelander.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *Brad D. Schimel*, attorney general.

Before Stark, P.J., Hruz and Seidl, JJ.

¶ 1. STARK, P.J. A criminal complaint charged Brian Corvino with fourth-offense operating while intoxicated (OWI) as a felony. The State subsequently filed an Information charging Corvino with fourth-offense OWI as a misdemeanor. The parties later reached a plea agreement, under which Corvino agreed to plead guilty or no contest to the misdemeanor charge. However, the circuit court rejected the plea agreement, concluding that, under Wis. Stat. § 967.055(2)(a),[1] the State was required to apply to the court before amending the OWI-fourth charge from a felony to a misdemeanor. The court further concluded such amendment would be inconsistent with the public's interest in deterring intoxicated driving and was therefore impermissible under § 967.055(2)(a). The court ordered the State to file an Information charging Corvino with fourth-offense OWI as a felony. Corvino appeals from that order.

¶ 2. We agree with the circuit court that Wis. Stat. § 967.055(2)(a) prohibited the State from amend-

---

[1] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

ing the OWI charge against Corvino from a felony to a misdemeanor without prior court approval. We further agree that the circuit court properly exercised its discretion by refusing to allow the State to amend the charge and by rejecting the proffered plea agreement. Finally, we conclude the circuit court had inherent authority to order the State to file an Information charging Corvino with fourth-offense OWI as a felony. We therefore affirm.

## BACKGROUND

¶ 3. On March 24, 2014, the State filed a criminal complaint charging Corvino with one count of fourth-offense OWI. Under Wis. Stat. § 346.65(2)(am)4., fourth-offense OWI is a misdemeanor, "[e]xcept as provided in subd. 4m." Subdivision 4m. provides that, when the defendant committed an offense resulting in a countable conviction within the five years preceding the current offense, fourth-offense OWI is a Class H felony. *See* § 346.65(2)(am)4m.

¶ 4. Here, the complaint alleged Corvino had been convicted of operating while intoxicated on three prior occasions, and it listed the dates of arrest and conviction for each of those offenses. According to the complaint, Corvino's most recent OWI conviction was for an offense that occurred on November 27, 2010—less than five years before the charged offense, which occurred on March 23, 2014. Pursuant to Wis. Stat. § 346.65(2)(am)4m., the complaint therefore charged Corvino with fourth-offense OWI as a Class H felony.

¶ 5. On June 24, 2014, Corvino waived his preliminary hearing.[2] The circuit court found probable cause to believe Corvino had committed a felony, and it

[2] The record does not contain transcripts of the June 24, 2014 hearing, the July 21, 2014 arraignment, or the January

bound him over for trial. At the arraignment on July 21, 2014, the prosecutor filed an Information charging Corvino with fourth-offense OWI as a misdemeanor, pursuant to Wis. Stat. § 346.65(2)(am)4. The Information did not list the dates of any prior OWI offenses. Corvino acknowledged receiving the Information, waived reading of the Information, and entered a plea of not guilty.

¶ 6. A pretrial hearing was held on January 13, 2015. The CCAP entry for that hearing reflects that the circuit court "addresse[d] the change in charge which was amended down to OWI 4th-Misdemeanor." The amendment of OWI charges is governed by Wis. Stat. § 967.055. Subsection (1) of the statute, entitled "Intent," states that "[t]he legislature intends to encourage the vigorous prosecution of offenses concerning the operation of motor vehicles by persons under the influence of an intoxicant." Sec. 967.055(1)(a). Subsection (2), entitled "Dismissing or amending charge," provides in relevant part:

> Notwithstanding s. 971.29, if the prosecutor seeks to dismiss or amend a charge under s. 346.63(1)[3] . . . the prosecutor shall apply to the court. The application shall state the reasons for the proposed amend-

13, 2015 pretrial hearing. The State therefore bases its discussion of those hearings on the corresponding CCAP entries. *See State v. Bonds*, 2006 WI 83, ¶ 6, 292 Wis. 2d 344, 717 N.W.2d 133 ("CCAP is a case management system provided by Wisconsin Circuit Court Access program" that "provides public access online to reports of activity in Wisconsin circuit courts."). Corvino does not argue in his reply brief that the State's reliance on the CCAP entries was improper, so we likewise rely on them.

[3] Wisconsin Stat. § 346.63(1) prohibits, among other things, operating a motor vehicle while under the influence of an intoxicant. *See* § 346.63(1)(a).

> ment or dismissal. The court may approve the application only if the court finds that the proposed amendment or dismissal is consistent with the public's interest in deterring the operation of motor vehicles by persons who are under the influence of an intoxicant.

Sec. 967.055(2)(a). It is undisputed that the circuit court did not make any finding during the January 13 pretrial hearing as to whether the amendment of the charge against Corvino was consistent with the public's interest in deterring intoxicated driving.

¶ 7. A plea hearing was subsequently held on March 10, 2015. At the beginning of the hearing, the prosecutor explained the parties had reached an agreement for Corvino to plead guilty or no contest to fourth-offense OWI as a misdemeanor. However, the circuit court questioned whether it could accept Corvino's plea to the misdemeanor charge. The court noted that, by filing an Information charging Corvino with fourth-offense OWI as a misdemeanor, the prosecutor had amended the original felony charge. The court then questioned whether there was any basis on which it could find that the amendment was justified under Wis. Stat. § 967.055.

¶ 8. In response, both the prosecutor and Corvino's attorney argued amending the charge served the public's interest in deterring intoxicated driving because: (1) the parties had reached a plea agreement, which removed all potential for an acquittal; (2) Corvino had paid $4,000 to enter a comprehensive alcohol treatment program, of which he had already completed four weeks; (3) Corvino had a good job, which he would likely lose if convicted of a felony; (4) if Corvino lost his job, he would no longer have the money to pay for alcohol treatment, and he would also lose his health

688

insurance coverage; and (5) in reliance on the plea agreement, Corvino had waived his right to a preliminary hearing and his right to file any suppression motions.

¶ 9. The circuit court acknowledged that the "logic" and "equities" of the parties' arguments to amend the charge were "sound." Nonetheless, the court stated its ability to approve the amendment was restricted by Wis. Stat. § 967.055. The court observed the State could prove up Corvino's prior convictions "relatively summarily" based upon the facts in the complaint. The court further stated there did not appear to be any basis for a motion to suppress evidence. The court then explained:

> And while the implications of any citizen, including this defendant, being convicted of a felony offense are grave, I don't—I can't in good conscience find that that is the interest that the legislature was seeking to protect in [Wis. Stat. §] 967.055; and there is nothing about the merits of Mr. Corvino's situation personally that in and of themselves would cause me to disregard the statements of both the State and counsel, but that's—that's not the standard that I'm judging this by.
>
> Under the circumstances that exist in this case, I simply don't believe that this is what the legislature had in mind under [Wis. Stat. §] 967.055. On those cases in the past where I've approved an amendment under [§] 967.055, it has almost always—and, generally speaking, the standard that has historically been applied, at least in Oneida County, is when the State's ability to prosecute the original charged violation is compromised in some form, where a stipulated resolution for a lesser charge is proposed. We don't have that here.

Accordingly, the court stated it would not "approve" the

Information as currently filed. Instead, it offered to "restore [Corvino] to his pre-preliminary hearing status."

¶ 10. The following day, the circuit court entered a written order directing the State to file an Information charging Corvino with fourth-offense OWI as a Class H felony, pursuant to WIS. STAT. § 346.65(2)(am)4m. Corvino and the prosecutor then filed a joint petition for leave to appeal the court's nonfinal order, which we granted on April 9, 2015. Corvino and the prosecutor subsequently filed a joint-appellants' brief.

¶ 11. This case was originally filed as a one-judge appeal. However, on August 17, 2015, the circuit court, represented by the Wisconsin Department of Justice, moved for a three-judge panel. *See* WIS. STAT. § 752.31(3). That motion was granted two days later. The Department of Justice then assumed representation of the State from the Oneida County District Attorney's Office. *See* § 752.31(4). Thereafter, on the State's motion, we struck the joint-appellants' brief, reset the briefing schedule, and amended the caption to identify Corvino as the appellant and the State as the respondent.

## DISCUSSION

**I. WISCONSIN STAT. § 967.055(2)(a) prevented the prosecutor from amending the OWI charge against Corvino without prior court approval.**

¶ 12. Corvino's first argument on appeal is that the circuit court misapplied WIS. STAT. § 967.055(2)(a). The interpretation of a statute and its application to

undisputed facts are questions of law that we review independently. *State v. Valadez*, 2016 WI 4, ¶ 27, 366 Wis. 2d 332, 874 N.W.2d 514.

¶ 13. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* We interpret statutory language in the context in which it is used, in relation to the language of surrounding or closely related statutes, and reasonably, to avoid absurd or unreasonable results. *Id.*, ¶ 46. We may consider the statute's purpose, to the extent it is readily apparent from the statutory text or from the statute's context or structure. *Id.*, ¶ 49. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.*, ¶ 46 (quoting *Bruno v. Milwaukee Cty.*, 2003 WI 28, ¶ 20, 260 Wis. 2d 633, 660 N.W.2d 656). If, however, we determine the statute is ambiguous, we consult extrinsic sources, such as legislative history, to determine the legislature's intent. *Id.*, ¶ 50.

¶ 14. The circuit court determined Wis. Stat. § 967.055(2)(a) prevented the prosecutor from amending the fourth-offense OWI charge against Corvino from a felony to a misdemeanor without court approval. That conclusion comports with the plain language of § 967.055(2)(a), which expressly states that, in order to amend an OWI charge, a prosecutor "shall

691

apply to the court," and the application "shall state the reasons for the proposed amendment."

¶ 15. Corvino contends, however, that WIS. STAT. § 967.055(2)(a) does not apply in the first instance because the prosecutor did not amend the charge against him. He reasons the "charging document" in this case was the Information, rather than the complaint, and therefore he was not "charged," for purposes of § 967.055(2)(a), until the Information was filed. Thus, Corvino contends that, rather than amending the charge against him from a felony to a misdemeanor, the prosecutor simply charged him with a misdemeanor as an initial matter.

¶ 16. We disagree. First, Corvino cites no authority for his argument that a complaint is not a charging document. Second, a review of several surrounding and closely related statutes demonstrates that a defendant is charged with a crime when a criminal complaint is filed. For instance, WIS. STAT. § 967.05(1) provides that a prosecution may be commenced by the filing of: "(a) A complaint; (b) In the case of a corporation or limited liability company, an information; (c) An indictment." The statute further states that "[t]he trial of a misdemeanor action shall be upon a complaint," and "[t]he trial of a felony action shall be upon an information." Sec. 967.05(2), (3). Section 967.05 therefore provides that the filing of a criminal complaint commences a prosecution, and it also makes it clear that, in misdemeanor cases, no Information is required. Consequently, in those cases, the complaint is not only the initial charging document, it is the only charging document.

¶ 17. Other statutes also support a conclusion that a criminal complaint is a charging document. WISCONSIN STAT. § 968.01(2) states a complaint is "a

692

written statement of the essential facts constituting *the offense charged."* (Emphasis added.) WISCONSIN STAT. § 968.02(1) provides that "a complaint *charging a person with an offense* shall be issued only by a district attorney of the county where the crime is alleged to have been committed." (Emphasis added.) WISCONSIN STAT. § 971.29, entitled "Amending *the charge,"* begins with the words "[a] complaint or information may be amended . . . ." (Emphasis added.) Read together, these statutes confirm that a defendant is charged with an offense when a criminal complaint is filed.

¶ 18. Consequently, when a prosecutor who has filed a complaint charging an OWI offense subsequently seeks to amend the charge, he or she must, pursuant to WIS. STAT. § 967.055(2)(a), "apply to the court," stating the reasons for the proposed amendment. The court may approve the amendment only if it determines the amendment is consistent with the public's interest in deterring intoxicated driving. *Id.* Here, the prosecutor filed a complaint charging Corvino with fourth-offense OWI as a felony, but she subsequently sought to amend that charge to a misdemeanor by including a reduced charge in the Information. Under the plain language of § 967.055(2)(a), court approval for that amendment was required.

¶ 19. Despite the plain language of WIS. STAT. § 967.055(2)(a), Corvino argues the prosecutor had authority to amend the charge against him without court approval under WIS. STAT. § 971.29(1), which provides, "A complaint or information may be amended at any time prior to arraignment without leave of the court." Corvino contends that, pursuant to § 971.29(1), the prosecutor retained unfettered discretion to amend the fourth-offense OWI charge

693

from a felony to a misdemeanor until the arraignment. He asserts the circuit court's subsequent rejection of the Information improperly infringed on the prosecutor's discretion.

■

¶ 20. In making this argument, Corvino ignores the plain language of WIS. STAT. § 967.055(2)(a), which provides: *"Notwithstanding s. 971.29,* if the prosecutor seeks to dismiss or amend a charge under s. 346.63(1) . . . the prosecutor shall apply to the court."[4] (Emphasis added.) As our supreme court has recognized, the discretion granted to prosecutors is subject to legislative enactments. *State v. Kenyon*, 85 Wis. 2d 36, 42, 270 N.W.2d 160 (1978). The plain language of § 967.055(2)(a) clearly shows that the legislature intended to except OWI prosecutions from the general rule set forth in § 971.29(1) allowing charges to be amended without court approval at any time prior to arraignment.

¶ 21. Moreover, in *State v. Brooks*, 113 Wis. 2d 347, 358, 335 N.W.2d 354 (1983), a case addressing a circuit court's authority to sua sponte dismiss an OWI charge, our supreme court noted that WIS. STAT. § 967.055(2)(a) applies "[n]otwithstanding s. 971.29." The court explained that WIS. STAT. § 971.29 is "a general statute conferring upon prosecutors the right, subject to some conditions, to amend criminal complaints or informations," but § 967.055(2) "further curtails the prosecutorial discretion, absent agreement by the court." *Brooks*, 113 Wis. 2d at 358. The *Brooks* court therefore recognized that, in OWI prosecutions, § 967.055(2)(a)'s requirement of court approval to

---

[4] In fact, Corvino quotes the language of WIS. STAT. § 967.055(2)(a) twice in his brief-in-chief, but both times he omits the words "[n]otwithstanding s. 971.29."

amend a charge supersedes the more general rule of amendment set forth in § 971.29.

¶ 22. In his reply brief, Corvino argues the use of the word "notwithstanding" in WIS. STAT. § 967.055(2)(a), "while it restrains the prosecutor's discretion, does not and should not extend to remove any discretion from a prosecutor when filing the initial charges as he/she sees fit." However, the circuit court in this case did not interfere with the prosecutor's discretion in filing the initial charge. Rather, the court determined, pursuant to § 967.055(2)(a), that court approval was required to amend the initial charge from a felony to a misdemeanor. That conclusion is consistent with both the plain language of § 967.055(2)(a) and its textually manifest purpose to "encourage the vigorous prosecution of offenses concerning the operation of motor vehicles by persons under the influence of an intoxicant." *See* § 967.055(1)(a). We therefore reject Corvino's argument that the circuit court erred by determining court approval for the amendment was required.[5]

---

[5] In a related argument, Corvino argues the circuit court "cannot at the time of plea and sentencing look back and reject the Information upon which it accepted a plea of not guilty approximately 8 months before." However, Corvino cites no authority in support of that proposition. Moreover, Corvino does not address the fact that the circuit court apparently did not realize the charge had been amended from a felony to a misdemeanor when it accepted the Information. Nor does Corvino address the circuit court's offer to restore the prior state of affairs. We therefore deem Corvino's argument undeveloped and decline to address it. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992).

## II. The circuit court properly exercised its discretion by refusing to allow the prosecutor to amend the OWI charge.

¶ 23. Corvino next argues that, even if court approval was required to amend his fourth-offense OWI charge from a felony to a misdemeanor, the circuit court erred by refusing to permit the amendment. We review the court's decision not to permit the amendment under the erroneous exercise of discretion standard. *See State v. Dums*, 149 Wis. 2d 314, 325, 440 N.W.2d 814 (Ct. App. 1989). Under that standard, we will affirm if the court examined the relevant facts, applied a proper standard of law, and used a demonstrably rational process to reach a conclusion a reasonable judge could reach. *State v. Conger*, 2010 WI 56, ¶ 14, 325 Wis. 2d 664, 797 N.W.2d 341.

¶ 24. In Wis. Stat. § 967.055(1)(a), the legislature expressed its intent to encourage vigorous prosecution of OWI offenses. Accordingly, a court may approve a request to amend an OWI charge only if it finds the proposed amendment "is consistent with the public's interest in deterring the operation of motor vehicles by persons who are under the influence of an intoxicant." Sec. 967.055(2)(a). We conclude the circuit court properly exercised its discretion by determining the proposed amendment of the charge against Corvino did not meet this standard.

¶ 25. The circuit court concluded the State had strong evidence Corvino had operated a motor vehicle while intoxicated and could "prove up the prior convictions relatively summarily." The court further observed that, historically, "at least in Oneida County," amendments to OWI charges had been allowed in

cases where "the State's ability to prosecute the original charged violation is compromised in some form, where a stipulated resolution for a lesser charge is proposed." Corvino does not dispute the strength of the State's case or its ability to prove up his prior convictions. On these facts, the circuit court could reasonably conclude reducing the charge against Corvino from a felony to a misdemeanor would be inconsistent with both the "vigorous prosecution" of OWI offenses, *see* § 967.055(1)(a), and the public's interest in deterring intoxicated driving, *see* § 967.055(2)(a).

¶ 26. Corvino argues the circuit court erroneously exercised its discretion by construing the public's interest too narrowly. In support of this argument, he notes that, as a general matter, whenever a court is asked to accept a plea agreement it must determine whether the agreement is in the public interest. *See Conger*, 325 Wis. 2d 664, ¶ 27. He then cites certain factors our supreme court has stated are relevant to the public interest analysis in the plea agreement context. However, those general standards for the acceptance of plea agreements do not control whether the proposed amendment to the OWI charge in this case met the narrower public interest standard set forth in Wis. Stat. § 967.055 of the vigorous prosecution of OWI offenses consistent with the public's interest in deterring intoxicated driving. *See* § 967.055(1)(a), (2)(a).

¶ 27. Corvino also asserts that, in addition to considering the strength of the State's case, the circuit court should have considered the proposed amendment's "effect on [Corvino's] family and employer and the community's interest in [Corvino] remaining sober and a productive member of society." He argues a felony conviction "could cause [him] the loss of his job,"

which would "put his family's financial future at risk" and jeopardize his health insurance coverage. He further asserts the loss of his health insurance "would potentially make alcohol treatment cost prohibitive."

¶ 28. Although not explicitly stated, the gist of Corvino's argument is that a felony conviction will prevent him from getting the treatment he needs, which will not serve the public's interest in deterring intoxicated driving. However, it is undisputed that Corvino has three previous OWI convictions. Corvino is therefore prohibited from operating a motor vehicle with a blood alcohol concentration in excess of .02%. *See* Wis. Stat. § 340.01(46m)(c). A preliminary breath test administered to Corvino just before his arrest in the instant case indicated he had a blood alcohol concentration of .224%—over eleven times the applicable legal limit. On this record, the circuit court could reasonably conclude that despite its potential adverse impact upon Corvino, a felony charge was necessary to impress upon Corvino the seriousness of his conduct in order to effectively deter him from operating while intoxicated in the future. Although a contrary conclusion may also have been reasonable, that is not a basis for us to reverse the court's discretionary determination. Further, Corvino does not explain how reducing the charge against him to a misdemeanor would constitute "vigorous prosecution" that would deter Corvino and others from driving while intoxicated.

¶ 29. Noting that the potential personal impact of a felony conviction was likely in many cases, the circuit court could reasonably conclude that the potential effects of a felony conviction on Corvino's job, family, and health insurance were insufficient grounds to reduce the charge against him to a misdemeanor. Allowing Corvino to escape the legislatively mandated

punishment for his conduct would be inconsistent with the public's interest in deterring intoxicated driving and would not constitute the vigorous prosecution of his OWI offense. Neither Corvino's disagreement with the circuit court's conclusion nor his belief that the penalties for a misdemeanor conviction would be a sufficient deterrent are valid bases for us to conclude the court erroneously exercised its discretion.

### III. The circuit court properly exercised its discretion by rejecting the plea agreement.

¶ 30. Corvino next argues the circuit court erroneously exercised its discretion by rejecting the proposed plea agreement. *See Conger*, 325 Wis. 2d 664, ¶ 14 (court's rejection of a plea agreement reviewed for an erroneous exercise of discretion). He argues the court erred by "[taking] issue with the actual charge[,] as opposed to the plea agreement." He asserts the court was "attempting to force the prosecutor to change the one pending charge to another charge entirely," which he contends is not a proper basis to reject a plea.

¶ 31. We disagree with Corvino's analysis. As set forth above, Corvino was initially charged with fourth-offense OWI as a felony, and he was bound over for trial on the felony charge. The prosecutor then filed an Information amending the charge to a misdemeanor, but she did not seek court approval for the amendment. At the arraignment, the court accepted the Information charging Corvino with a misdemeanor, but it is clear from context that the prosecutor's amendment of the charge was not brought to the

court's attention.[6] Thereafter, at the plea hearing, the court properly exercised its discretion by concluding the amendment did not meet the requirements of Wɪs. Sᴛᴀᴛ. § 967.055(2)(a) because it was inconsistent with the public's interest in deterring intoxicated driving. Corvino does not explain how, having rejected the prosecutor's attempt to amend the charge from a felony to a misdemeanor, the court could then accept Corvino's plea to the misdemeanor offense. Because the court properly determined the amendment did not meet the requirements of § 967.055(2)(a), we conclude it properly exercised its discretion by rejecting the proposed plea agreement.

## IV. The circuit court did not err by ordering the prosecutor to file an Information charging Corvino with a felony.

¶ 32. Finally, Corvino argues the circuit court lacked authority to order the prosecutor to file an Information charging him with fourth-offense OWI as a felony. However, we agree with the State that the court had inherent authority to issue that order. Our supreme court has explained that circuit courts possess "inherent, implied and incidental powers." *State v. Henley*, 2010 WI 97, ¶ 73, 328 Wis. 2d 544, 787 N.W.2d 350 (quoting *State ex rel. Friedrich v. Circuit Court for Dane Cty.*, 192 Wis. 2d 1, 16, 531 N.W.2d 32 (1995)). "These powers are those that are necessary to

---

[6] The State argues in its respondent's brief that the circuit court was unaware the charge had been amended when it accepted the Information, and Corvino does not dispute that assertion in his reply brief. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments are deemed conceded).

enable courts to accomplish their constitutionally and legislatively mandated functions." *Id.* In other words, "[a] power is inherent when it 'is one without which a court cannot properly function.' " *Id.* (quoting *State v. Braunsdorf*, 98 Wis. 2d 569, 580, 297 N.W.2d 808 (1980)).

¶ 33. The circuit court accepted the Information without realizing the prosecutor had amended the OWI charge against Corvino from a felony to a misdemeanor. This was contrary to Wis. Stat. § 967.055(2)(a), which required the prosecutor to seek the court's permission prior to amending the charge and further required the court to find that amending the charge would be consistent with the public's interest in deterring intoxicated driving. Under these circumstances, in order for the court to fulfill its legislatively mandated function to oversee the amendment of OWI charges, the court must have had inherent authority to reconsider its acceptance of the Information. Likewise, upon determining the proposed amendment did not meet the statutory requirements, the court must have had inherent authority to order the prosecutor to file an Information reinstating the original felony charge. Without such authority, the court could not properly function in an adjudicatory capacity to resolve the case. *See Henley*, 328 Wis. 2d 544, ¶ 73. We therefore affirm the order directing the prosecutor to file an Information charging Corvino with fourth-offense OWI as a felony.

*By the Court.*—Order affirmed.