# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 23, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP495-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2020CT253**

**IN COURT OF APPEALS**
**DISTRICT IV**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

JENNY E. CLARK,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for La Crosse County: ELLIOTT M. LEVINE, Judge. *Affirmed*.

¶1 NASHOLD, J.[1] Jenny Clark appeals a judgment of conviction for operating a motor vehicle while under the influence of an intoxicant (OWI), second offense. She argues that the circuit court erred in allowing an

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

administrative suspension of her driver's license from Minnesota to serve as a basis for charging the Wisconsin OWI as a second offense. I disagree and affirm the judgment of conviction.

## BACKGROUND

¶2 Clark was charged with operating while intoxicated and with a prohibited alcohol concentration, both as second offenses. The second offense enhancement was initially based on a conviction from Houston County, Minnesota, for operating a motor vehicle with a blood alcohol concentration above the legal limit ("Minnesota conviction"). Clark moved to prohibit use of the Minnesota conviction for penalty enhancement purposes, arguing that she did not knowingly, intelligently, and voluntarily waive her right to counsel before pleading guilty in that case. *See* ***State v. Ernst***, 2005 WI 107, ¶25, 283 Wis. 2d 300, 699 N.W.2d 92 (allowing collateral attack of prior OWI conviction where right to counsel was violated in prior proceeding).

¶3 The State filed a response to the defense motion, arguing an additional basis to charge the Wisconsin OWI as a second offense, namely, an administrative suspension in Minnesota stemming from the same incident as the Minnesota conviction ("administrative suspension"). Relying on ***State v. Carter***, 2010 WI 132, 330 Wis. 2d 1, 794 N.W.2d 213, the State argued that the administrative suspension is a prior conviction for penalty enhancement purposes under WIS. STAT. § 343.307(1)(d). Therefore, the State requested that the circuit court refrain from addressing Clark's motion to prohibit use of the Minnesota conviction because any ruling "will ultimately prove irrelevant." In the alternative, the State argued that the Minnesota conviction could be used to enhance Clark's sentence because Clark knowingly, intelligently, and voluntarily

2

waived her right to counsel before pleading guilty in that case.[2]  The same day the State filed its response, it also filed a motion to amend the complaint and an amended complaint, adding the administrative suspension as a basis for charging Clark as a second offense.  In its motion to amend the complaint, the State argued that Clark would not be prejudiced by the amendment, stating that no trial had been set and that Clark had been provided a copy of the certified driving record from Minnesota, which she had ample time to review.

¶4      Clark responded, arguing that the administrative suspension cannot be used to enhance the penalty and that *Carter* is inapplicable.  Clark further argued that the circuit court should deny the State's motion to amend the complaint because she would be prejudiced by the State's amendment of the charge approximately four months after the initial charges were filed.[3]  *See* WIS. STAT. § 971.29.

¶5      The circuit court held a hearing at which it agreed with Clark that the Minnesota conviction could not be used to enhance Clark's sentence.  However, the court reserved ruling on whether the administrative suspension could serve that

---

[2] The State indicated that it did not seek to use *both* the Minnesota conviction and the administrative suspension as sentence enhancers, but that it sought to use only one or the other, with its first choice being the administrative suspension.  Citing WIS. STAT. § 346.65(2)(am) and case law, the State noted, "Of particular importance in the instant case, suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one."

[3] Clark refers to the State's initial complaint filed in this case as the "arraignment," presumably because WIS. STAT. § 971.29 provides different standards for amendment of a complaint, depending on whether such amendment occurs prior to arraignment or at trial.  *See* § 971.29(1) and (2).  This opinion does not use the term "arraignment" to describe the initial complaint.  Separately, throughout her briefing in the circuit court and this court, Clark states that the amended complaint was filed *five* months after the original complaint.  This is incorrect.  The initial complaint was filed on November 20, 2020, and the amended complaint was filed less than four months later, on March 12, 2021.

purpose. The court subsequently issued an oral ruling, agreeing with the State that, under *Carter*, the administrative suspension is a proper basis to enhance Clark's sentence because it is a countable conviction under WIS. STAT. § 343.307(1)(d). The court also rejected Clark's argument that she would be prejudiced by amendment of the complaint. The court therefore granted the State's motion to amend the complaint. Clark subsequently pleaded guilty to second-offense OWI and was sentenced, with the court staying the sentence pending this appeal.

## DISCUSSION

¶6 Clark raises on appeal the same two arguments raised in the circuit court: that the administrative suspension was improperly counted as a prior conviction and that she was prejudiced by amendment of the complaint. I address and reject these arguments in turn.

*I. Administrative Suspension as a Prior Conviction Under WIS. STAT. § 343.307*

¶7 Under Wisconsin's penalty structure for OWI offenses, the level of offense severity is determined in part by "the total number of [driving privilege] suspensions, revocations, *and other convictions* counted under [WIS. STAT.] § 343.307(1)." WIS. STAT. § 346.65(2)(am)2. (emphasis added). Here, Clark argues that the circuit court improperly counted the Minnesota administrative suspension as a prior conviction under § 343.307(1)(d). This argument requires that I interpret § 343.307(1)(d) and apply this statute to the undisputed facts in this case. Interpretation of a statute and its application to undisputed facts are questions of law that this court reviews de novo. *See Carter*, 330 Wis. 2d 1, ¶19.

4

I conclude that, based on *Carter*, Clark's administrative suspension clearly counts as a conviction for purposes of penalty enhancement under § 343.307(1)(d).

¶8      WISCONSIN STAT. § 343.307(1)(d) provides that, in determining the penalty under WIS. STAT. § 346.65(2), the court "shall count" "[c]onvictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle … with an excess or specified range of alcohol concentration." *See also Carter*, 330 Wis. 2d 1, ¶¶29-30 (construing WIS. STAT. § 343.307(1)(d)). In *Carter*, our supreme court considered whether two prior suspensions of Carter's operating privileges under an Illinois "zero tolerance" law could be counted as prior "convictions" under § 343.307(1)(d). *Carter*, 330 Wis. 2d 1, ¶¶2, 6. Under the Illinois zero tolerance law, the driving privileges of a driver under age 21 may be suspended as the result of the driver's refusal to submit to chemical testing or the driver's submission to a test resulting in an alcohol concentration greater than 0.00. *Id.*, ¶11. In the event of such an administrative suspension, the driver may request a hearing before the Illinois Secretary of State to challenge it, and the Secretary of State's decision was subject to judicial review. *Id.*, ¶¶11-13.

¶9      The *Carter* court concluded that Carter's Illinois suspensions are convictions under WIS. STAT. § 343.307(1)(d). *Carter*, 330 Wis. 2d 1, ¶¶6, 65. The court incorporated the definition of "conviction" in WIS. STAT. § 340.01(9r), concluding that the administrative suspension of the type Carter received is "a determination that a person has violated or failed to comply with the law in an authorized administrative tribunal." *Id.,* ¶51; *see also State v. Jackson*, 2014 WI App 50, ¶7, 354 Wis. 2d 99, 851 N.W.2d 465.

¶10 After concluding that the Illinois suspension is a "conviction" under WIS. STAT. §§ 343.307(1)(d) and 340.01(9r), the court held that Carter's Illinois suspensions are countable under § 343.307(1)(d), which, as relevant to Carter, prohibits "refusing to submit to chemical testing or using a motor vehicle with an excess or specified range of alcohol concentration." *Carter*, 330 Wis. 2d 1, ¶45-46.

¶11 In applying Wisconsin law to the Illinois zero tolerance law, the *Carter* court noted that our legislature intended WIS. STAT. § 343.307(1)(d) to "apply broadly to prior out-of-state conduct." *Carter*, 330 Wis. 2d 1, ¶¶39, 42. The court also relied on the administrative process governing suspensions in Illinois:

> [A]n initial determination that a person has violated or failed to comply with the law is made by the law enforcement officer. Upon submission of a report of the violation from the police officer to the Secretary of State, the Secretary of State appears to automatically affirm the suspension. The statutory procedure allows, however, for an appeal of the suspension to the Secretary of State. This appeal requires the Secretary of State, an authorized administrative tribunal, to make a determination as to whether the person has violated or failed to comply with the law. The decision of the Secretary of State is subject to judicial review.

*Id.*, ¶52.

¶12 The State argues that, like the Illinois zero tolerance suspension framework discussed in *Carter*, the Minnesota administrative suspension process involves a law enforcement officer making an initial determination that the driver has broken a law, an automatic affirmation of the suspension by a state official, and an opportunity for the driver to appeal the suspension. The State made the

6

same arguments in the circuit court, with citation to Minnesota statutes and case law in support of these contentions.

¶13    Clark does not dispute the State's representations on these points, nor does she argue that the administrative procedures for suspension in Minnesota differ in any meaningful way from those set forth in *Carter*. Instead, she argues that the holding in *Carter* is "limited"—namely, that only a "refusal … for failing to submit to a chemical test [may be] construed as a countable prior." Because Clark's administrative suspension was not based on a refusal, according to Clark, *Carter* is inapplicable. This reading of *Carter* is incorrect.

¶14    The *Carter* court in no way limited its holding to out-of-state refusals to submit to chemical testing. In fact, the court concluded that the record did not show "whether Carter's two suspensions under the Illinois 'zero tolerance' law ar[o]se from a refusal to submit to testing or from a test resulting in an alcohol concentration of more than 0.00." *Id.*, ¶25. The court rejected the State's argument that Carter's suspensions were "for refusal to submit to chemical testing and thus fall within [WIS. STAT.] § 343.307(1)(e)" for purposes of penalty enhancement under WIS. STAT. § 346.65(2). *Id.*, ¶¶26-27.

¶15    Instead, the court "turn[ed] to [WIS. STAT.] § 343.307(1)(d) to determine whether Carter's two Illinois operating privilege suspensions are to be counted in Wisconsin under § 343.307(1)(d) for penalty enhancement." *Id.*, ¶28. Contrary to Clark's assertion, the court's holding is not limited to refusals, but instead addresses suspensions under § 343.307(1)(d) for either "refusing to submit to chemical testing *or* using a motor vehicle with an excess or specified range of alcohol concentration." *Id.*, ¶46 (emphasis added). The court did not determine whether Carter's suspensions resulted from refusals or from having an alcohol

concentration greater than 0.00 because in either event, the suspensions are countable prior convictions. The court held: "We conclude that the two prior suspensions of Carter's operating privilege under the Illinois 'zero tolerance' law are convictions within the meaning of [WIS. STAT.] §§ 343.307(1)(d) and 340.01(9r) and that the circuit court appropriately counted them in sentencing Carter for his OWI violation." *Id.*, ¶65.

¶16     Clark does not dispute that her conduct in Minnesota leading to the administrative suspension is the type of conduct prohibited by WIS. STAT. § 343.307(1)(d), namely, a "conviction[] under the law of another jurisdiction that prohibits a person from using a motor vehicle with an excess or specified range of alcohol concentration." *See Carter*, 330 Wis. 2d 1, ¶30. It is undisputed that Clark's Minnesota administrative suspension resulted from her operating a motor vehicle with a prohibited blood alcohol concentration. Thus, the circuit court correctly concluded that *Carter* directly controls and that Clark's administrative suspension is properly counted as a prior conviction for penalty enhancement purposes under § 343.307(1)(d).

*II. Prejudice*

¶17     Clark argues that the circuit court erred in allowing the State to amend the complaint to add the administrative suspension because she was prejudiced by the amendment. In rejecting this argument and allowing amendment of the charge, the court noted that Clark was originally defending an OWI second offense and that the amendment did not change the penalties or the nature of the case.

¶18     This court reviews a circuit court's decision on whether to amend a complaint under an erroneous exercise of discretion standard. *See State v.*

*Neudorff*, 170 Wis. 2d 608, 615, 489 N.W.2d 689 (Ct. App. 1992); *State v. Dums*, 149 Wis. 2d 314, 324-25, 440 N.W.2d 814 (Ct. App. 1989).[4] An erroneous exercise of discretion occurs "if the defendant is prejudiced by the amendment." *Neudorff*, 170 Wis. 2d at 615. "Rights of the defendant which may be prejudiced by an amendment are the rights to notice, speedy trial and the opportunity to defend." *Id.*

¶19    Clark relies on WIS. STAT. § 971.29, which provides in pertinent part:

> **(1)**  A complaint or information may be amended at any time prior to arraignment without leave of the court.
>
> **(2)**  At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant.

Clark first appears to suggest that, because the amendment occurred four months after the initial complaint was filed, this amounts to prejudice per se. Clark offers no authority or coherent argument to support this position and I therefore reject it. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments and "[a]rguments unsupported by references to legal authority will not be considered").

---

[4] Clark cites *State v. Dums*, 149 Wis. 2d 314, 325, 440 N.W.2d 814 (Ct. App. 1989), for her argument that the erroneous exercise of discretion standard of review applies. However, she also states that her prejudice argument requires this court to interpret WIS. STAT. § 971.29 and that statutory interpretation is a question of law. I note that Clark would not prevail under either a deferential or a de novo standard of review.

¶20 Clark also argues that the circuit court erred because, according to Clark, the amendment changed the offense from a first (and non-criminal) offense to a second (and criminal) offense. According to Clark:

> [T]he court failed to consider that the State moved to amend the complaint after losing the collateral attack motion to prohibit the use of Ms. Clark's prior drunk driving conviction. Thus, Ms. Clark's situation had changed from what it was initially—the court allowed the State to amend the case from an OWI first offense to an OWI second offense. That prejudiced Ms. Clark, as the matter went from a civil forfeiture offense to a criminal offense. There can be no dispute that it is inherently prejudicial to allow the State to amend the complaint from a noncriminal to a criminal offense in this scenario. Ms. Clark's total exposure changed from a violation that involved no jail time to an offense requiring mandatory jail time.

She argues that, although the offense remained an OWI offense, "the change in the magnitude of the offense violated [her] right to notice and right to defend her case at trial." Even assuming that a change in "magnitude" or penalty amounts to prejudice—a point for which Clark provides no authority—Clark's argument fails because the factual assertions on which it is based are negated by the record.

¶21 Contrary to Clark's assertion, at no point was she charged with a first-offense OWI. And contrary to Clark's assertion, the State's motion to amend the complaint and the amended complaint were filed approximately three months *prior to* the circuit court's decision prohibiting use of the Minnesota conviction as a penalty enhancement. The court granted the motion to amend approximately two months after it determined that the Minnesota conviction could not be used to enhance the penalty. During this entire time, the OWI offense remained charged as a second-offense OWI. By allowing the State to amend the complaint, the court changed the basis for the second-offense charge but the charge itself did not

10

change.[5]  And notably, the basis for both the initial and amended complaints stemmed from the same conduct—the OWI offense in Minnesota.  For all of these reasons, Clark's argument regarding the change in "magnitude" is baseless.

¶22    Because I have rejected the only arguments Clark makes regarding her claim of prejudice, I could affirm the circuit court's decision with no further discussion.  However, as explained below, I also agree with the State that Clark's argument must be rejected based on the three prejudice factors set forth in *Neudorff*.  *Neudorff*, 170 Wis. 2d at 615.

¶23    Clark does not argue that her right to a speedy trial was implicated, nor would any argument be successful.  *Id.*  No trial was ever scheduled or held, nor does Clark argue that she ever requested a trial prior to pleading guilty to second-offense OWI.  Clark has also failed to show that her rights to notice and to defend were prejudiced.  *Id.*  Clark was charged with the same crime in the initial and amended complaints; she was put on notice of the alternative basis for a second-offense charge; she had the opportunity to (and did) brief the issue; she was given an opportunity at two separate hearings to make additional arguments and declined to do so; and no trial was ever scheduled.  Thus, Clark has failed to establish that any of the rights set forth in *Neudorff* were prejudiced.  Accordingly, the court did not erroneously exercise its discretion in allowing amendment of the complaint.

---

[5] Even if it could be argued that the offense dropped down to a first offense during the two-month period between the circuit court's ruling prohibiting use of the Minnesota conviction and the court's formal amendment of the complaint, Clark develops no argument as to how she was prejudiced during that time period.  I therefore do not consider it.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.